[Cite as *State v. Taylor*, 2019-Ohio-842.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-L-091** |
| CLIFFORD D. TAYLOR, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 14 CR 000715.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Clifford D. Taylor*, pro se, PID# A662-816, North Central Correctional Institution, 670 Marion-Williamsport Road, Marion, OH 43302 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Clifford D. Taylor, appeals the Lake County Court of Common Pleas June 5, 2018 Order Denying Motion to Vacate Set Aside [sic] Illegal Sentence/Invalid Indictment. For the following reasons, we affirm the decision of the court below.

{¶2} On October 15, 2014, Clifford pled guilty to two counts of Rape, felonies of the first degree in violation of R.C. 2907.02(A)(2). Prior to sentencing, Clifford moved to withdraw his guilty plea. The trial court denied the motion and sentenced Clifford to

serve consecutive eleven-year prison sentences for each count of Rape. This court affirmed Clifford's convictions in *State v. Taylor*, 2015-Ohio-2080, 33 N.E.3d 123 (11th Dist.).

{¶3} On October 30, 2017, Taylor filed a Motion to Vacate Set Aside Illegal Sentence/Invalid Indictment, arguing that his convictions and sentence should be vacated because his constitutional rights were violated by post-indictment delay, denial of the right to counsel, denial of access to the law library, and due process violations. The State of Ohio filed its Response on May 29, 2018.

{¶4} On June 5, 2018, the trial court issued an Order Denying Motion to Vacate Set Aside Illegal Sentence/Invalid Indictment. The court construed the Motion as one for postconviction relief and denied it as untimely. Additionally, the court noted that Taylor's claims were barred by res judicata.

{¶5} On July 2, 2018, Clifford filed a Notice of Appeal. On appeal, he raises the following assignments of error:

{¶6} "[1.] Appellant was denied counsel during critical stage of post indictment period."

{¶7} "[2.] Rights to access legal material. During punitive restrictions the defendant was denied access to courts to research case, due to missing counselor."

{¶8} "[3.] Appellant was unduely (sic) placed in punitive housing and punished for no documented infraction. He was denied freedoms other prisoners enjoyed and the basic needs like exercise."

{¶9} "Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United

2

States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1)(a). Such petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment or conviction." R.C. 2953.21(A)(2).

{¶10} "[A] court may not entertain a petition filed after the expiration of the period prescribed in division (A) of [section 2953.21 of the Revised Code] * * * unless * * * [e]ither the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation," and "[t]he petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted." R.C. 2953.23(A)(1).

{¶11} "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, __ Ohio St.3d __, 2018-Ohio-4744, __ N.E.3d __, ¶ 36.

{¶12} The trial court properly construed Taylor's Motion to Vacate Set Aside Illegal Sentence/Invalid Indictment as a postconviction relief petition. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. An irregular motion "meets the definition of a motion for postconviction relief set forth in R.C. 2954.21(A)(1)" where it "was (1) filed

3

subsequent to [the] direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997).

{¶13} In the present case, Taylor has failed to make any argument for the timeliness of his Motion to Vacate, either in the court below or before this court. Accordingly, the trial court did not err by denying the Motion (although authority exists for the proposition that untimely postconviction petitions are more properly dismissed rather than denied). *State v. Kegley*, 3d Dist. Crawford No. 3-18-03, 2018-Ohio-4167, ¶ 22 ("[t]rial courts should *dismiss* untimely postconviction petitions for lack of jurisdiction; nevertheless, a trial court does not commit reversible error by *denying* an untimely postconviction petition"); *State v. Christian*, 10th Dist. Franklin No. 16AP-857, 2017-Ohio-2677, ¶ 15 ("the trial court did not err in denying Christian's untimely petition for postconviction relief, though technically the trial court should have dismissed the petition for lack of jurisdiction"); *State v. Ulmer*, 4th Dist. Scioto No. 15CA3708, 2016-Ohio-2873, ¶ 17 ("[i]nstead of denying Appellant's petition for postconviction relief based upon res judicata principles, * * * the trial court should have dismissed Appellant's petition for lack of jurisdiction based upon the fact that it was untimely filed").

{¶14} We note that Taylor refers to a period of "92 days during post indictment to trial" in which he was allegedly without counsel as a "structural problem." The Ohio Supreme Court has recognized that "structural error," i.e., an error which "*necessarily* render[s] a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence," exists in a "very limited class of cases," such as where there has been a complete denial of the right to counsel. (Citation omitted.) *State v. Wilks*, 154

4

Ohio St.3d 359, 2018-Ohio-1562, 114 N.E.3d 1092, ¶ 132-133; *Gideon v. Wainwright*, 372 U.S. 335, 344-345, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

{¶15} A claim of structural error does not affect the disposition of the present appeal. Such claim does not excuse Taylor from satisfying the jurisdictional requirement of filing a timely postconviction petition. *State v. Cunningham*, 2016-Ohio-3106, 65 N.E.3d 307, ¶ 24 (3d Dist.) ("Cunningham cannot offer a constitutional structural-error argument as a way of alleviating himself of compliance with the [postconviction relief] statute"). Moreover, Taylor does not allege a complete denial of the right to counsel, but, rather, that his appointed counsel was ineffective by failing to assist him during "the entire critical stage of preparation" following indictment. We also emphasize that the dates during which Taylor claims his counselor was inactive, between June 30 and October 1, 2014, refer to a separate case, *State v. Taylor*, Lake County C.P. No. 14CR000019, which was ultimately dismissed on the State's motion of nolle prosequi on December 28, 2015. Taylor was not indicted in the underlying case until October 15, 2014, on which date he entered his plea of guilty with the assistance of appointed counsel.

{¶16} The assignments of error are without merit.

{¶17} For the foregoing reasons, we affirm the decision of the Lake County Court of Common Pleas, denying Taylor's Motion to Vacate Set Aside Illegal Sentence/Invalid Indictment. Costs to be taxed against appellant.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.

5