[Cite as *State v. Taylor*, 2020-Ohio-865.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-076** |
| CLIFFORD D. TAYLOR, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2014 CR 000715.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Jennifer A. McGee*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Clifford D. Taylor*, pro se, PID# A662-816, North Central Correctional Complex, 670 Marion-Williamsport Road, P.O. Box 1812, Marion, OH 43302 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, Clifford D. Taylor, appeals the denial of his motion to withdraw a guilty plea.  For the following reasons, we affirm the decision of the court below.

{¶2}    On October 15, 2014, Taylor entered a plea of "guilty" by way of information to two counts of Rape, felonies of the first degree in violation of R.C. 2907.02(A)(2), in the Lake County Court of Common Pleas.

{¶3} On November 12, 2014, a sentencing hearing was held. Taylor made an oral motion to withdraw his guilty plea which the trial court denied. The court sentenced Taylor to eleven years in prison for each count of Rape, to be served consecutively for an aggregate prison term of twenty-two years.

{¶4} In *State v. Taylor*, 2015-Ohio-2080, 33 N.E.3d 123 (11th Dist.), this court affirmed the denial of the oral motion to withdraw the guilty plea.

{¶5} On October 30, 2017, Taylor filed a Motion to Vacate Set Aside Illegal Sentence/Invalid Indictment, on the grounds that his constitutional rights were violated by post-indictment delay, denial of the right to counsel, denial of access to the law library, and due process violations.

{¶6} On June 5, 2018, the trial court denied the Motion to Vacate.

{¶7} In *State v. Taylor*, 11th Dist. Lake No. 2018-L-091, 2019-Ohio-842, this court affirmed the denial of the Motion to Vacate.

{¶8} On May 10, 2019, Taylor filed a Motion to Withdraw Guilty Plea based on ineffective assistance of counsel, the post-indictment infringement of constitutional rights (denied "access to legal material, forced into overly restrictive cell, and denied exercise"), and the plea being coerced and involuntary.

{¶9} On June 3, 2019, the trial court entered an Order Denying the Motion to Withdraw Guilty Plea:

> The court notes that the defendant appealed the court's denial of his motion to withdraw his guilty plea made prior to his sentencing, and the court was affirmed by the court of appeals. Further, although the matters the defendant now complains of are based on allegations that the defendant would have been aware of prior to his plea and sentencing, the defendant did not mention these complaints at either hearing, which took place more than four years ago. Additionally, the court conducted a painstaking plea colloquy. The defendant

2

indicated that he had the opportunity to look at all the evidence in the case, and that he discussed the evidence with his attorney to his satisfaction. * * * He further indicated that his attorney did everything that the defendant asked him to do, and that he was completely satisfied with the legal representation provided to him.

{¶10} On August 2, 2019, Taylor filed a Notice of Appeal. On appeal, he raises the following assignments of error:

{¶11} "[1.] Appellant was denied effective assistance of counsel prior to signing a plea bargain."

{¶12} "[2.] Appellant was denied due process of the 14th amendment when arbitrarily placed in punitive cell."

{¶13} "[3.] Appellant [was] denied [the] right to basic exercise while incarcerated for six months."

{¶14} "[4.] Appellant was denied access to legal material during punitive lock up for 130 days."

{¶15} "[5.] Appellant was subjected to trial court abuse of discretion which is on record during change of plea hearing."

{¶16} Criminal Rule 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "This term has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Id.* at 264; *State v. Straley*, __ Ohio St.3d __, 2019-Ohio-5206, __ N.E.3d __, ¶ 14 ("[a] 'manifest injustice' is a 'clear

3

or openly unjust act'") (citation omitted).

{¶17} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus.

{¶18} Taylor's arguments are barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from the judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶19} "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59; *Straley* at ¶ 23 ("[r]es judicata generally bars a defendant from raising claims in a Crim.R. 32.1 postsentencing motion to withdraw a guilty plea that he raised or could have raised on a direct appeal"); *State v. Rock*, 11th Dist. Lake No. 2018-L-135, 2019-Ohio-2796, ¶ 10.

{¶20} In his direct appeal, Taylor challenged trial counsel's representation and the denial of his original motion to withdraw his guilty plea. Taylor argued his actual innocence and claimed that trial counsel urged him to lie to the trial court in order to have his plea accepted. *Taylor*, 2015-Ohio-2080, 33 N.E.3d 123, at ¶ 34. In the present Motion

4

to Withdraw, the same issues are raised albeit under different facts: trial counsel was ineffective because he opposed having the minor victim testify; and Taylor's plea was involuntary on account of the circumstances of his post-indictment detention. As noted by the trial court, nothing prevented Taylor from raising these specific arguments either at the time of his oral motion to withdraw his guilty plea or in his direct appeal. As these arguments were raised or could have been raised before the trial court and on appeal, Taylor is barred from raising them in his successive Motion to Withdraw.

{¶21} Taylor counters that "Res Judicata does not bar post-conviction petitions supported by evidence that is outside the record." *State v. Watson*, 126 Ohio App.3d 316, 324-325, 710 N.E.2d 340 (3d Dist.1998) ("[a]n exception to the *res judicata* bar is when the petitioner presents competent, relevant, and material evidence outside the record that was not in existence and available to the petitioner in time to support the direct appeal"). The authority cited by Taylor applies to petitions for postconviction relief rather than Criminal Rule 32.1 motions. We note that a postconviction motion was the subject of the 2018 appeal the denial of which was affirmed for being untimely. *Taylor*, 2019-Ohio-842, at ¶ 13. Timeliness is also relevant to the consideration of whether a defendant should be allowed to withdraw a guilty plea. "Although the rule itself does not provide for a time limit after the imposition of sentence, during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324. In the present case, over four years elapsed between Taylor's plea and the filing of his Motion to Withdraw.

{¶22} Ultimately, the standard for the postconviction motion to withdraw Taylor's plea remains that of manifest injustice. The trial court did not abuse its discretion finding that Taylor failed to satisfy that standard in light of his statements made at the time he entered his pleas:

The court: And you have been able to discuss all of the evidence that the State has in this case against you?

Taylor: Yeah.

The court: And you've discussed it with your attorney to your satisfaction?

Taylor: Yes, I did.

The court: And you've had enough time to do this?

Taylor: Yeah.

The court: Although this may be your attorney's recommendation for you to plea guilty by way of information to these two counts of felony one rape, is this your own decision and voluntary act to do so?

Taylor: Yeah.

The court: Has your attorney done everything you've asked him to do for you in this case?

Taylor: Yeah.

The court: Can you think of anything that your attorney has failed or neglected to do that you think he should have done?

Taylor: No, sir.

The court: Are you completely satisfied with the legal representation provided by * * * your attorney?

Taylor: Yes, sir.

{¶23} The assignments of error are without merit.

{¶24} For the foregoing reasons, the denial of Taylor's Motion to Withdraw Guilty

Plea is affirmed.  Costs to be taxed against appellant.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.