[Cite as *State v. Stepherson*, 2014-Ohio-5298.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-462 |
| | | (C.P.C. No. 94CR-1094) |
| Darrell A. Stepherson, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on November 26, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Darrell A. Stepherson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Darrell A. Stepherson is appealing from the failure of the trial court to grant him relief from his convictions of aggravated murder with a firearm specification and related felonies. He assigns two errors for our consideration:

First Assignment of Error:

The trial court erred and abused it's discretion in this case by not vacating the sentence imposed as it is void as a matter of law when inter alia, a charge in which this criminal defendant was convicted of, has not been disposed of as required by law and Crim.R. 32. The court also abused it's discretion in not even addressing the claim. This is compounded by the court ridiculing this appellant thus all of which violates his constitutional rights under the 5th and 14th amendments which guarantee a fair trial and the due process

of law and the equivalent Articles and Sections of the Ohio Constitution.

Second Assignment of Error:

The trial court erred as a matter of law in not holding an evidentiary hearing on this appellant's jurisdictional challenge, one which is supported by clear and convincing evidence, and when proven true, would entitle this appellant to the relief sought. This error has deprived this appellant of the constitutional guarantees under the 5th and 14th amendments of the U.S. Constitution and the equivalent Sections and Articles of the Ohio Constitution to a fair trial and the due process of law.

{¶ 2} Stepherson was convicted in 1994 and sentenced. He pursued a direct appeal. His judgment and sentence were affirmed in 1995. Stepherson has pursued a variety of avenues to attempt to get relief from his significant sentence of incarceration.

{¶ 3} Stepherson's most recent filing is titled "Motion for a Final Appealable Order." The motion centers on a theory that he has never been sentenced on one of the charges for which his jury returned a verdict of guilty.

{¶ 4} Stepherson was originally indicted on charges of aggravated murder based on two separate theories. One theory was that he acted with prior calculation and design. One was that he purposely caused the death of another in the course of committing other felonies.

{¶ 5} The jury returned a guilty verdict of aggravated murder as to the second theory, but guilty only of involuntary manslaughter as to the first theory. The trial court judge applied R.C. 2941.25(A), which reads:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 6} Therefore the judge did not journalize a sentence as to the second theory and Stepherson has not technically been convicted of involuntary manslaughter. Had the jury found Stepherson guilty of murder on the first count as opposed to involuntary

manslaughter, the result would have been the same once R.C. 2941.25(A) was appropriately applied.

{¶ 7} The fact that this appellate court addressed the merits of Stepherson's prior appeals is an indication that we viewed this court to have jurisdiction to hear the appeals. Had there been no final appealable order, we would have had no jurisdiction to reach the merits of his prior appeals.

{¶ 8} As the trial court judge noted, Stepherson has no right to relief now. He clearly has no right to be sentenced on a scheduled felony for which he has never technically been convicted, with or without an additional hearing.

{¶ 9} The two assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.