[Cite as *State v. Stepherson*, 2018-Ohio-4292.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 18AP-388 |
| v. | : | (C.P.C. No. 94CR-1094) |
| Darrell Stepherson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on October 23, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Darrell Stepherson*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Darrell Stepherson, attempts to appeal from a March 19, 2018 judgment of the Franklin County Court of Common Pleas denying Stepherson's motion for resentencing. However, because Stepherson's appeal was not timely filed, we lack jurisdiction and dismiss.

{¶ 2} App.R. 4 requires a would-be appellant to file a notice of appeal within 30 days after a final judgment or order has been entered. App.R. 4(A)(1). This time limit is jurisdictional and should be considered sua sponte when appropriate. *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 13; *see also State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, ¶ 10.

{¶ 3} App.R. 4 also instructs that the 30-day time limit for filing a notice of appeal begins when a judgment or order is entered pursuant to Civ.R. 58(A) or Crim.R. 32(C). App.R. 4(A)(1) and (D). Under both Civ.R. 58(A) and Crim.R. 32(C), an order is entered

and effective when it is entered or listed in the clerk's journal of proceedings of the litigation. The trial court's final judgment or order being appealed was on Stepherson's motion for resentencing, which judgment or order was entered into the trial court record on March 19, 2018.[1] (Mar. 19, 2018 Entry at 1.) Stepherson did not file a notice of appeal until 73 days later on May 31, 2018. *Compare* Mar. 19, 2018 Entry *with* May 31, 2018 Notice of Appeal. This is well beyond the 30-day deadline to appeal set by App.R. 4(A) and consequently this court lacks jurisdiction to consider Stepherson's attempted appeal. *Barber* at ¶ 13.

{¶ 4} Stepherson in his brief seeks excusal for the late filing according to his argument that the trial court clerk delayed sending him a copy of the trial court's decision. (Stepherson Brief at 6.) While it is true that App.R. 4(A)(3) tolls the 30-day appeal deadline in civil cases where Civ.R. 58(B) applies and the clerk fails either to serve the parties or note the service, "generally, 'Civ.R. 58(B) is not applicable to a criminal action or judgment.' " *Barber* at ¶ 14, quoting *Henderson v. Saffold*, 8th Dist. No. 100406, 2014-Ohio-306, ¶ 7. And while postconviction relief petitions are governed by the rules of civil procedure such that failure of the clerk to complete service of a decision on a postconviction petition delays the running of the 30-day appellate window, Stepherson is not seeking to appeal the denial of a post-conviction petition. *Barber* at ¶ 14, citing *State v. Nichols*, 11 Ohio St.3d 40 (1984), paragraph two of the syllabus; *State v. Tucker*, 8th Dist. No. 95556, 2011-Ohio-4092, ¶ 9-14; *State v. McKinney*, 3d Dist. No. 4-11-01, 2011-Ohio-3521, ¶ 12-17. As Stepherson points out in his brief, "he filed a Void Sentence Motion For Re-sentencing Based upon a Void Judgment . . . , on or about January 30th, 2018 Not a Post-Conviction Petition for Relief." (Stepherson Brief at 6-7, reproduced as in original.) In other words, Stepherson filed a motion to correct an allegedly void judgment consistent with caselaw holding that although " 'trial courts lack authority to reconsider their own valid final judgments in criminal cases' * * * [they] retain continuing jurisdiction to correct a void sentence." *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20, quoting *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 338 (1997), citing *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, ¶ 19; *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597 (1992). But Stepherson's

---

[1] Though not strictly necessary to trigger the running of the appellate deadline, as a matter of fairness, we note that the decision itself directed copies to be sent to the Franklin County Prosecutor's Office and Darrell A. Stepherson # 305675, MCI, 940 Marion-Williamsport Rd., Marion, Ohio 43302-0057.

attempted appeal is from a decision in a criminal case and, as such, Civ.R. 58(B) and App.R. 4(A)(3) do not toll the running of the 30-day appeal window.

{¶ 5}   Because Stepherson's attempt to appeal in this criminal case is late[2] and the civil tolling exception for failure to serve and note service does not apply, we lack jurisdiction to consider the merits of his attempted appeal and hereby dismiss it.

*Appeal dismissed.*

TYACK and KLATT, JJ., concur.

---

[2] Stepherson also has not moved for leave to file a delayed appeal pursuant to App.R. 5(A).