[Cite as *State v. Connally*, 2019-Ohio-4441.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                  :

                                          **No. 19AP-411**

v.                                                       :          (C.P.C. No. 15CR-1241)

Jahmez L. Connally,                          :          (ACCELERATED CALENDAR)

      Defendant-Appellant.              :

---

## D E C I S I O N

### Rendered on October 29, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Jahmez L. Connally*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Jahmez L. Connally, appeals the June 7, 2019 judgment of the Franklin County Court of Common Pleas denying his postconviction motion to vacate void judgment. For the reasons that follow, we affirm.

### I. Facts and Procedural History

{¶ 2} The facts of this case are summarized in appellant's direct appeal and will not be repeated here. *State v. Connally*, 10th Dist. No. 16AP-53, 2016-Ohio-7573. Relevant to this appeal, however, appellant was a co-defendant in a home invasion involving two victims, a brother and sister. He was convicted, pursuant to jury verdict, of one count of aggravated burglary (Count 1), two counts of aggravated robbery (Counts 2 and 5), four counts of robbery (Counts 3, 4, 6, and 7), and two counts of kidnapping (Counts 8 and 9),

all with specifications. He was sentenced on January 8, 2016. The court imposed the following prison time:

> Doctrine of merger applied in this case. Counts Three, Four and Eight **merged** with Count Two with Gun Specification, Counts Six, Seven and Nine **merged** with Count Five with Gun Specification, leaving three counts for sentencing: THREE (3) YEARS on Counts One, Two, and Five to be served CONCURRENT with each other and CONSECUTIVE to Mandatory Gun Specifications of THREE (3) YEARS each for Counts One and Two. Gun Specification on Count Five is waived per Court's discretion. Total sentence is NINE (9) YEARS at the Ohio DEPARTMENT OF REHABILITATION AND CORRECTION[]. (Six years are mandatory).

(Emphasis sic.) (Jan. 11, 2016 Jgmt. Entry at 2.) The indictment named D.W. and L.G. as the victims in Count 1; D.W. as the victim in Counts 2, 3, 4, and 8; and L.G. as the victim in Counts 5, 6, 7, and 9.

{¶ 3} Appellant timely appealed and raised two assignments of error: (1) the trial court erred by admitting photographs M1 through M10 into evidence, and (2) the guilty verdict was against the manifest weight of the evidence and not supported by sufficient evidence. This court affirmed the trial court's judgment. *Connally*. Appellant subsequently filed with this court an application to reopen his appeal claiming ineffective assistance of appellate counsel for failure to consult with him before submitting the appellate brief and failure to argue allegedly exculpatory evidence would have warranted reversal of his convictions. This court found appellant had failed to establish a colorable claim of ineffective assistance of appellate counsel and, on February 9, 2017, denied the application to reopen his appeal.

{¶ 4} On August 22, 2018, appellant filed a motion to vacate void judgment. In his motion, appellant argued the judgment was void for failure to merge pursuant to R.C. 2941.25. Plaintiff-appellee, State of Ohio, filed a memorandum contra. On June 7, 2019, the trial court denied the motion finding it did not implicate a void sentence and the claims are barred by the doctrine of res judicata because appellant did not raise the issue during trial or on direct appeal. Appellant timely appealed.

## II. Assignment of Error

{¶ 5}    Appellant appeals and assigns the following sole assignment of error for our review:

> The trial court committed plain, reversible error in denying vacation of void judgment, because the[] parties could not vest it with authority to contradict R.C. §2941.25.

## III. Analysis

{¶ 6}    Appellant argues the trial court committed plain error in not granting his motion because the sentence is void as the aggravated burglary (Count 1) was not merged with the other offenses.

{¶ 7}    The Supreme Court of Ohio has held that allied-offense claims are non-jurisdictional. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, ¶ 10, citing *Mosely v. Echols*, 62 Ohio St.3d 75 (1991).  This court has held that purported merger errors under R.C. 2941.25 do not result in a void sentence and are thus barred by res judicata if not raised on direct appeal.  *State v. Greenberg*, 10th Dist. No. 12AP-11, 2012-Ohio-3975, ¶ 12; *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 5-7.  *But see State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, ¶ 29 (sentences are void "when the trial court concludes that the accused has in fact been found guilty of allied offenses of similar import, [and] impos[es] separate sentences for those offenses").[1]

{¶ 8}    Because the judgment entry is not void as appellant alleges, appellant's motion is properly construed as a petition for postconviction relief. It is well-settled that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), paragraph one of the syllabus. *See also State v. Smotherman*, 10th Dist. No. 16AP-471, 2016-Ohio-8133, ¶ 6.  Furthermore, R.C. 2953.21(K) specifies that R.C. 2953.21 "is the exclusive remedy by which a person may bring a collateral challenge to the validity of a conviction or sentence in a criminal case."

---

[1] Appellant does not argue that *Williams* applies here. Likewise, our review of the judgment entry reveals application of *Williams* is not warranted here.

{¶ 9}   As such, appellant's August 22, 2018 motion is a petition for postconviction relief.  We review a trial court's decision on a petition for postconviction relief for abuse of discretion.  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58, *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 7.

{¶ 10}   "*Res judicata* is applicable in all postconviction relief proceedings."  *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996).  As stated by the Supreme Court:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial*, which resulted in that judgment of conviction, *or on an appeal* from that judgment.

(Emphasis sic.)  *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  We have held that merger issues are subject to res judicata and, thus, must be raised on direct appeal.  *State v. Adams*, 10th Dist. No. 14AP-623, 2015-Ohio-868, ¶ 7-8; *State v. Strickland*, 10th Dist. No. 14AP-307, 2014-Ohio-5105, ¶ 13-14.

{¶ 11}  Appellant had the opportunity to raise his merger arguments at sentencing or thereafter in a direct appeal.  Appellant failed to do so and, as a result, his claims are barred by res judicata.  *See State v. Garnett*, 10th Dist. No. 12AP-594, 2013-Ohio-1210, ¶ 9 (finding a postconviction merger argument was barred by res judicata).  As his claim is barred, appellant's assignment of error is overruled.

## IV. CONCLUSION

{¶ 12}  Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER and NELSON, JJ., concur.

_____