[Cite as *State v. Bell*, 2020-Ohio-1397.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-627 |
| v. | : | (C.P.C. No. 99CR-5384) |
| Darrell L. Bell, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on April 9, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Darrell L. Bell*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Darrell L. Bell, appeals a decision and judgment of the Franklin County Court of Common Pleas entered on August 20, 2019 denying his motion to vacate and set aside the judgment and sentence. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} In 1999, appellant was convicted of the stipulated lesser-included offense of murder of Nyomi Conley; the stipulated lesser-included offense of attempted murder of Mark Newton; and one count of having a weapon under a disability. Although the indictment contained a death penalty specification and three firearm specifications, appellant was not convicted of the same. Appellant was sentenced to serve an aggregate sentence of 26 years to life. Appellant filed a direct appeal, and this court affirmed. *State v. Bell*, 10th Dist. No. 00AP-739 (Mar. 30, 2001). Appellant filed a petition for

postconviction relief in 2001.  The trial court denied the same.  Appellant appealed, but the appeal was dismissed for failure to prosecute as appellant did not file a brief.  Appellant filed an application to reopen his appeal in 2003.  This court denied the same.

{¶ 3}  On April 4, 2019, appellant filed a "motion to vacate and set aside the judgment and sentence pursuant to civil rule 60(B)(5) fraud upon the court."  State of Ohio, plaintiff-appellee, filed a memorandum contra, and appellant filed a memorandum in opposition to the state's memorandum contra on May 6, 2019.

{¶ 4}  The trial court construed the motion as a petition for postconviction relief. On August 20, 2019, the court denied the motion because it was untimely and barred by res judicata.  The court further noted, citing R.C. 2953.23(A)(1)(b), that nothing in the record indicated appellant was unavoidably prevented from discovering information which was the basis of this motion and there was nothing within appellant's motion that supported by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the petitioner guilty of the offense for which he was convicted.

## II. Assignments of Error

{¶ 5}  Appellant appeals and assigns the following five assignments of error for our review:

> [I.] Does a trial court abuse its discretion where it is charged with the question of whether there was probable cause for putting the accused on trial, and whether the indictment was fair on its face to the court to which it was returned?
>
> [II.] Does a trial court abuse its discretion where it is charged with the question of whether there was probable cause for putting the accused on trial, where the defendant is facing the death penalty?
>
> [III.] The trial court commits plain error and abuses its discretion when  convicting a defendant of attempted felony murder when felony murder, alternatively, involves an inadvertent homicide resulting from the commission of a felony of violence. By definition, therefore, a felony murder charge requires both a felony of violence and an unintended death.
>
> [IV.] The Ohio Supreme Court has established in criminal cases that under the doctrine of cumulative error, "a

> conviction will be reversed when the cumulative effect of errors in a trial deprives a defendant of a fair trial.
>
> [V.] Where successive prosecutions are at stake, the double jeopardy guarantee serves "a constitutional policy of finality for the defendant's benefit.

(Sic passim.)

## III. Analysis

{¶ 6} In the portion of his brief titled "Facts of the Case," appellant states the trial court never had jurisdiction to hold him to answer at trial and that a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction. However, appellant does not explain why he thinks the trial court lacked jurisdiction. Nor does appellant point to any authority to support his statement that the trial court lacked jurisdiction. In support of his second assignment of error, appellant also states the trial court did not have jurisdiction to proceed against him, yet does not explain why he thinks the trial court lacked jurisdiction. Furthermore, in his second assignment of error, appellant complains about the fact that the indictment contained a death penalty specification, yet he was not convicted of the death penalty specification.

{¶ 7} Appellant did not raise as an assignment of error that the trial court lacked jurisdiction or that the judgment was void. Nevertheless, because he made the statements referenced above, we apply here the reasoning outlined in App.R.16 and 12. App.R. 16(A)(7) requires an appellant's brief to include "argument containing the contentions of the appellant * * * and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." Finally, "[i]t is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error." *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16. With this in mind, we disregard appellant's statements that the trial court lacked jurisdiction and that the judgment was void as he points us to no place in the record and no authority to support the same.

{¶ 8} In the first assignment of error, appellant argues the trial court abused its discretion because there was insufficient evidence to support a finding of probable cause and to indict him for the offense of aggravated murder of Nyomi Conley. In the second assignment of error, appellant again focuses on the indictment and argues the trial court abused its discretion because the offense of aggravated murder included a specification for the death penalty. In the third assignment of error, appellant argues he was wrongly convicted of attempted felony murder of Mark Newton because no crime of violence occurred. In the fourth assignment of error, appellant argues cumulative error. Finally, in the fifth assignment of error, appellant argues "the errors assigned [herein] along with the cumulative errors assigned constitute errors so grievous that reversal on these issues triggers the Double Jeopardy Clause and appellant can't be retried under any circumstance." (Appellant's Brief at ix.)

{¶ 9} R.C. 2953.21(A) governs the filing of petitions for postconviction relief. *State v. Lacking*, 10th Dist. No. 14AP-691, 2015-Ohio-1715, ¶ 10. A petition for postconviction relief is a collateral civil attack on the prior criminal judgment, not an appeal of the judgment or a venue to relitigate substantive issues raised in a direct appeal. *State v. Conway*, 10th Dist. No. 17AP-504, 2019-Ohio-2260, ¶ 12; *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Instead, postconviction relief affords a petitioner the means to reach constitutional issues that could not be raised on direct appeal because the evidence supporting such issues is not in the record. *State v. Norman*, 10th Dist. No. 19AP-106, 2019-Ohio-4020, ¶ 12; *State v. Sidibeh*, 10th Dist. No. 12AP-498, 2013-Ohio-2309, ¶ 8. " ' "Postconviction review is a narrow remedy, since *res judicata* bars any claim that was or could have been raised at trial or on direct appeal." ' " *State v. Teitelbaum*, 10th Dist. No. 19AP-137, 2019-Ohio-3175, ¶ 11, quoting *Conway* at ¶ 12, quoting *Steffen* at 410.

{¶ 10} In addition to substantive limitations, a petition for postconviction relief is bounded by statutory timeliness requirements, subject to specific, limited exceptions. "Effective September 21, 1995, R.C. 2953.21 was amended to provide that a petition 'shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication,' or, if no appeal is taken, 'no later than one hundred eighty days after the expiration of the time for filing the appeal.' " *State v. Nelson*, 10th Dist. No. 18AP-659,

2019-Ohio-1075, ¶ 12, quoting *State v. Lorraine*, 11th Dist. No. 2017-T-0028, 2018-Ohio-3325, ¶ 31, quoting former R.C. 2953.21(A)(2).[1]

{¶ 11} Furthermore, as relevant to the facts of this case, a court may not consider an untimely petition unless the petitioner satisfies the two-pronged test provided in R.C. 2953.23(A)(1). *State v. Muhumed*, 10th Dist. No. 11AP-1001, 2012-Ohio-6155, ¶ 57; *State v. Turner*, 10th Dist. No. 06AP-876, 2007-Ohio-1468, ¶ 10.  Under the first prong, the petitioner must either show that: (1) "the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief," or (2) "subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). In the context of R.C. 2953.23(A)(1)(a), the phrase "unavoidably prevented" means a defendant was unaware of the facts relied on for the claim for relief and was unable to become aware of such facts through reasonable diligence.  *State v. Jackson*, 10th Dist. No. 18AP-758, 2019-Ohio-4995, ¶ 33, citing *Turner* at ¶ 11. Under the second prong, the petitioner must, by clear and convincing evidence, show that "but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."  R.C. 2953.23(A)(1)(b).

{¶ 12} Unless the petitioner establishes an exception to the timeliness requirement, a trial court lacks jurisdiction to consider the merits of an untimely petition for postconviction relief.  *State v. Mason*, 10th Dist. No. 12AP-120, 2012-Ohio-4510, ¶ 8.  *See State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 22.  Whether a trial court has jurisdiction to consider an untimely petition for postconviction relief is a question of law to which we apply a de novo standard of review.  *Apanovitch* at ¶ 24, citing *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.

---

[1] The statute was subsequently amended to provide that where a criminal defendant has filed a direct appeal of the conviction, a petition for postconviction relief pursuant to R.C. 2953.21 must generally be filed "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."  R.C. 2953.21(A)(2).

{¶ 13} The trial transcript in this case was filed August 15, 2000.

{¶ 14} Having reviewed appellant's motion, memorandum in opposition to the state's memorandum contra, and his appellate brief, we find the trial court did not err in finding appellant's motion was untimely, the arguments raised therein were barred by res judicata, and appellant did not meet the criteria to establish an exception to the timeliness requirement in R.C. 2953.23(A)(1). Therefore, we overrule all of appellant's assignments of error.

**IV. Conclusion**

{¶ 15} Having overruled appellant's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

————————————