[Cite as *State v. Brisco*, 2020-Ohio-4582.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-859 |
| v. | : | (C.P.C. No. 15CR-865) |
| Bryon L. Brisco, Sr., | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 24, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief:** *Bryon L. Brisco, Sr.*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Bryon L. Brisco, Sr., pro se, appeals the judgment of the Franklin County Court of Common Pleas denying his postconviction motion to vacate his convictions and sentence. For the following reasons, we affirm.

{¶ 2} The facts of this case are summarized in this court's decision resolving appellant's direct appeal. *State v. Brisco*, 10th Dist. No. 16AP-759, 2017-Ohio-8089. Pertinent to this appeal, appellant was charged with multiple offenses arising from the shooting death of his wife. He was convicted, pursuant to jury verdict, of one count of reckless homicide as a stipulated lesser included offense of purposeful murder with firearm specification (Count 1), one count of felony murder with firearm specification (Count 2), one count of involuntary manslaughter with firearm specification (Count 3), one count of

having a weapon while under disability (Count 4), and one count of tampering with evidence (Count 5). Following a sentencing hearing, the trial court imposed the following sentence:

> The Court hereby imposes the following sentence: FIFTEEN YEARS TO LIFE WITH AN ADDITIONAL CONSECUTIVE THREE (3) YEARS AS TO THE FIREARM SPECIFICATION ON TO [sic] COUNT TWO, TWENTY-FOUR (24) MONTHS AS TO COUNT FOUR AND TWENTY-FOUR (24) MONTHS AS TO COUNT FIVE, to be served at the OHIO DEPARTMENT OF REHABILITATION AND CORRECTIONS. Counts Two, Four, and Five shall be served concurrent to each other. For purposes of sentencing, Counts One, Two and Three were all subject to merger, and the State of Ohio represented that it wished to have the Defendant sentenced as to Count Two. Therefore, Counts One and Three merge into Count Two. The sentence in Count Two shall be served consecutive to the three year Firearm Specification on Count Two.

(Oct. 28, 2016 Jgmt. Entry at 2.)

{¶ 3} In his direct appeal, appellant argued that his convictions for felony murder, involuntary manslaughter, and tampering with evidence were against the manifest weight of the evidence and not supported by sufficient evidence. Finding no merit to appellant's contentions, we affirmed. *Brisco.* The Supreme Court of Ohio declined further appeal.

{¶ 4} Thereafter, appellant filed with this court an App.R. 26(B) application to reopen his appeal claiming ineffective assistance of appellate counsel for failure to consult with him prior to submitting the appellate brief and failure to raise claims of ineffective assistance of trial counsel. This court denied appellant's application because it was untimely and failed to establish a colorable claim of ineffective assistance of appellate counsel. *State v. Brisco*, 10th Dist. No. 16AP-759 (Aug. 2, 2018) (memorandum decision).

{¶ 5} On June 24, 2019, appellant filed in the trial court a "Motion To File Crim.R. 52(B) Plain Error Re-Opening to Vacate My Convictions and Sentence." Therein, appellant argued that the October 28, 2016 judgment was void because the trial court failed to conduct a "full" allied offense hearing as mandated by R.C. 2941.25. Appellant asserted that the trial court's failure in this regard constituted a violation of his rights under the double jeopardy clauses of the state and federal constitutions. Appellant asserted that had the trial court conducted a proper R.C. 2941.25 hearing, "the only authorized sentence was

for Reckless Homicide which was a third-degree felony calling for a sentence from 9 months to 36 months."   (June 24, 2019 Mot. To File Crim.R. 52(B) Plain Error Re-Opening To Vacate My Convictions And Sentence at 7.)  Construing appellant's motion as a petition for postconviction relief pursuant to R.C. 2953.21, the trial court denied the motion, concluding it was untimely and barred by res judicata.  The trial court filed a judgment entry on August 28, 2019.

{¶ 6}   Appellant appeals that judgment, assigning three errors for our review:

> [I]. The trial court abused its discretion when instead of an independent analysis of the issues raised in my Crim.R. 52(B) motion thus violating my due process and equal protection rights protected under the 5th and 14th amendments to the United States Constitution and Section 10 of the Ohio Constitution [sic].
>
> [II]. A full allied offense hearing is mandatory and if not conducted the court commits plain error, violating due process and equal protection of the 5th, 6th, and 14th amendments to the United States Constitution and Section 10 of the Ohio Constitution.
>
> [III].  Double jeopardy violations are plain error and contrary to law.

{¶ 7}   Before considering the merits of appellant's assignments of error, we must first address this court's jurisdiction to consider this appeal.

{¶ 8}   Pursuant to App.R. 4(A), a putative appellant must file a notice of appeal within 30 days after entry of a final judgment or order. "This time limit is jurisdictional and should be considered sua sponte when appropriate."  *State v. Stepherson*, 10th Dist. No. 18AP-388, 2018-Ohio-4292, ¶ 2, citing *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 13.

{¶ 9}   As previously mentioned, the trial court, construing appellant's June 24, 2019 motion to vacate his convictions and sentence as a petition for postconviction relief under R.C. 2953.21, filed a judgment entry overruling said motion on August 28, 2019.  On October 23, 2019, appellant filed a "Motion To Submit My 52(B) For Final Disposition on the Pleadings" requesting that the trial court issue a final order on his motion to vacate. The state responded on November 1, 2019, asserting that the trial court had issued a final

order on August 28, 2019. By entry filed November 21, 2019, the trial court overruled appellant's October 23, 2019 motion, citing its August 28, 2019 final order.

{¶ 10} On December 18, 2019, appellant filed a notice of appeal from the trial court's August 28, 2019 judgment. In the notice of appeal, appellant asserted that the clerk of court never served him with notice of the August 28, 2019 judgment as required by Civ.R. 58(B) and that he did not become aware of it until he received the state's response to his October 23, 2019 motion. Because appellant did not file his notice of appeal until December 18, 2019, significantly more than 30 days after the trial court's August 28, 2019 final order, sua sponte consideration of the jurisdictional issue is appropriate. *Id.*

{¶ 11} "Although arising from a criminal conviction, a proceeding for post-conviction relief under R.C. 2953.21 is a collateral attack upon the conviction and is civil in nature." *State v. Williams*, 10th Dist. No. 06AP-842, 2006-Ohio-5415, ¶ 4. Because postconviction relief proceedings are civil in nature, App.R. 4(A)(1) and (3) control appeals from the denial of a postconviction relief petition. Those rules provide in part:

> RULE 4. Appeal as of Right--When Taken
>
> (A) Time for appeal
>
> (1) Appeal from order that is final upon its entry. Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry.
>
> * * *
>
> (3) Delay of clerk's service in civil case. In a civil case, if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) * * * begin[s] to run on the date when the clerk actually completes service.

{¶ 12} Civ.R. 58(B) governs the entry of judgment in a civil case:

> Notice of filing. When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the

> notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A).

{¶ 13} Civ.R. 58(B) applies to decisions on postconviction relief petitions. *Barber*, 2017-Ohio-9257, at ¶ 14, citing *State v. Nichols*, 11 Ohio St.3d 40 (1984), paragraph two of the syllabus ("Postconviction relief proceedings will be governed by the Ohio Rules of Appellate Procedure as applicable to civil actions."). Accordingly, "the filing of a notice of appeal from the denial of a petition for post-conviction relief under R.C. 2953.21 must be made within 30 days of the entry of judgment where there is compliance with Civ.R. 58(B), or within 30 days of notice of the judgment and its entry if service is not made within the three day period of Civ.R. 58(B)." *Williams* at ¶ 6.

{¶ 14} Consistent with appellant's claim in his notice of appeal and acknowledged by the state in its brief, the trial court did not direct the clerk to serve, nor did the clerk serve, notice of the August 28, 2019 judgment upon appellant as required by Civ. 58(B). Thus, the time for filing the notice of appeal was tolled pursuant to App.R. 4(A)(3). Consequently, appellant's December 18, 2019 notice of appeal was timely as filed. *Williams* at ¶ 7 (because the clerk did not serve a copy of the trial court judgment denying appellant's petition for postconviction relief on him in the manner prescribed by Civ.R. 5(B), appellant's notice of appeal filed in the trial court was timely); *State v. Lacking,* 10th Dist. No. 14AP-691, 2015-Ohio-1715, quoting *State v. Lacking*, 10th Dist. No. 14AP-691 (Nov. 20, 2014 (memorandum decision) (appeal from denial of petition for postconviction relief properly before the court where "record reveals the trial court failed to place an entry on its appearance docket noting service of the judgment," as failure to comply with Civ.R. 58(B) "tolls the time for filing the appeal").

{¶ 15} Having determined this court's jurisdiction, we now turn to the merits of the appeal. Because appellant's assignments of error all concern whether the trial court properly denied his motion to vacate, we will address them together.

{¶ 16} At the outset, we note appellant's claim that the trial court violated his due process rights by failing to conduct an independent analysis of the issues presented in his motion. Appellant argues that instead of conducting "a thoughtful and independent legal

analysis of my plain error issues," the trial court "simply copied the prosecutor's contra motion and used it as its own." (Appellant's Brief at 6.)

{¶ 17} Admittedly, the trial court's decision adopts, nearly verbatim, the format and analysis set forth in the state's memorandum contra. However, appellant fails to direct us to any authority condemning or even criticizing a trial court for taking a similar approach. Moreover, simply because the trial court adopted the state's position in its entirety does not mean that the trial court failed to exercise its independent judgment. Appellant having failed to affirmatively demonstrate that the trial court did not conduct an independent review of his motion to vacate, we must presume regularity of the trial court proceedings and conclude that the trial court conducted an independent analysis of the pertinent issues and applicable law prior to entering judgment. *See Powell v. Lawson*, 10th Dist. No. 18AP-289, 2019-Ohio-4993, ¶ 27. Finally, appellant does not allege or explain how he was prejudiced by the trial court's action, other than to argue that it improperly denied his motion. Accordingly, we conclude that the trial court did not violate appellant's due process rights in the manner by which it resolved appellant's motion.

{¶ 18} R.C. 2953.21(A)(1)(a) authorizes "any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * [to] file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." Thus, " '[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.' " *State v. Connally*, 10th Dist. No. 19AP-411, 2019-Ohio-4441, ¶ 8, quoting *State v. Reynolds*, 79 Ohio St.3d 158 (1997), paragraph one of the syllabus. A postconviction relief petition is a collateral civil attack on a prior criminal judgment, not an appeal of that judgment or a venue to relitigate substantive issues raised in a direct appeal. *State v. Bell*, 10th Dist. No. 19AP-627, 2020-Ohio-1397, ¶ 9, citing *State v. Conway*, 10th Dist. No. 17AP-504, 2019-Ohio-2260, ¶ 12. Rather, postconviction relief provides a means to reach constitutional issues that could not be raised on direct appeal because the evidence

supporting such issues is not contained in the record. *Id.*, citing *State v. Norman,* 10th Dist. No. 19AP-106, 2019-Ohio-4020, ¶ 12.

{¶ 19} In addition to these substantive limitations, postconviction relief petitions are subject to statutory timeliness requirements, subject to specific, limited exceptions. *Id.* at ¶ 10. Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." A trial court may not entertain an untimely petition unless the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for his claim for relief, or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in his situation and the petition asserts a claim based upon that right. *State v. Bethel*, 10th Dist. No. 19AP-324, 2020-Ohio-1343, ¶ 18, citing R.C. 2953.23(A)(1)(a). If the petitioner satisfies one of those two exceptions, he must then demonstrate by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted. *Id.*, citing R.C. 2953.23(A)(1)(b).

{¶ 20} Unless a petitioner establishes an exception to the timeliness requirement, a trial court lacks jurisdiction to consider the merits of an untimely postconviction relief petition. *Bell* at ¶ 12, citing *State v. Mason*, 10th Dist. No. 12AP-120, 2012-Ohio-4510, ¶ 8. Whether a trial court has jurisdiction to consider an untimely postconviction relief petition is a question of law to which appellate courts apply a de novo standard of review. *Id.*, citing *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24, citing *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 21} Here, it is undisputed that appellant's motion was filed well beyond the 365-day deadline set forth in R.C. 2953.21(A)(2). Indeed, the trial transcript was filed in appellant's direct appeal on February 22, 2017, and he did not file his motion to vacate until June 24, 2019, almost two and one-half years later. Appellant did not allege that either of the exceptions set forth in R.C. 2953.23(A)(1) apply to his untimely filing, nor would he have qualified for the exceptions given that the arguments in his motion addressed only sentencing issues, not issues related to his guilt. As this court has observed, " 'a defendant does not qualify for [the R.C. 2953.23(A)(1)] exception where "the arguments in his

postconviction relief petition address only sentencing issues, not issues relating to his guilt." ' "  *State v. Garnett*, 10th Dist. No. 12AP-594, 2013-Ohio-1210, ¶ 8, quoting *State v. Hughes*, 10th Dist. No. 12AP-165, 2012-Ohio-4513, ¶ 10, quoting *State v. Brown*, 12th Dist. No. CA2006-06-026, 2007-Ohio-128, ¶ 11.  Accordingly, the trial court properly concluded that it lacked jurisdiction to consider appellant's untimely petition for postconviction relief.

{¶ 22}  The trial court further concluded that even if appellant's filing had been timely, his allied offense claims could have been raised on direct appeal and, therefore, were barred by res judicata.  We review this determination for an abuse of discretion.  *Connally*, 2019-Ohio-4441, at ¶ 9, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.  Res judicata applies in all postconviction relief proceedings.  *Id.*  at ¶ 10, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996).  Further, "[t]his court has held that purported merger errors under R.C. 2941.25 do not result in a void sentence and are thus barred by res judicata if not raised on direct appeal."  *Id.* at ¶ 7, citing *State v. Greenberg*, 10th Dist. No. 12AP-11, 2012-Ohio-3975, ¶ 12.  Appellant had the opportunity to raise his allied offense arguments at sentencing or thereafter in a direct appeal.  As appellant failed to do so, those claims are barred by res judicata.  *Id.* at ¶ 11.  Accordingly, the trial court did not abuse its discretion in so concluding.

{¶ 23}  For the foregoing reasons, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

BRUNNER and NELSON, JJ., concur.

————————————