[Cite as *State v. Stepherson*, 2021-Ohio-1709.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-387 |
| v. | : | (C.P.C. No. 94CR-1094) |
| Darrell A. Stepherson, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on May 18, 2021

**On brief:** *Darrell Stepherson,* pro se*.*

**On brief:** [*Janet Grubb*, First Assistant Prosecuting Attorney], and *Sheryl L. Prichard,* for appellee.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Defendant-appellant, Darrell A. Stepherson, appeals from an entry of the trial court denying appellant's motion for resentencing filed July 15, 2020. For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This court has considered this matter in several prior decisions. *See State v. Stepherson*, 10th Dist. No. 94APA12-1805 (Sept. 26, 1995); *State v. Stepherson*, 10th Dist. No. 13AP-282, 2013-Ohio-5396, ¶ 1-9; *State v. Stepherson*, 10th Dist. No. 14AP-462, 2014-Ohio-5298, ¶ 1-6; *State v. Stepherson*, 10th Dist. No. 18AP-388, 2018-Ohio-4292, ¶ 1, 4-5; *State v. Stepherson*, 10th Dist. No. 19AP-251, 2019-Ohio-4024; *State v. Stepherson*, 10th Dist. No. 19AP-251 (May 12, 2020) (memorandum decision).

{¶ 3} Briefly, the facts and procedural background in this case are as follows:

On August 16, 1993, Stepherson and another person entered the residence of Nathan and Christa Curry. *Stepherson*, 2013-Ohio-5396, ¶ 2. Nathan Curry was fatally shot and robbed of marijuana he kept inside the residence. *Id.* Subsequently, Stepherson was indicted on two counts of aggravated murder, each with a death penalty specification, one count of aggravated robbery, and one count of kidnapping. *Id.* Following a jury trial commencing October 17, 1994, the jury returned verdicts finding Stepherson not guilty of the first count of aggravated murder (aggravated murder with prior calculation and design), but guilty of the lesser-included offense of involuntary manslaughter; guilty of the second count of aggravated murder (aggravated felony murder); and guilty of aggravated robbery. *Id.* at ¶ 3. The jury found him not guilty of the kidnapping count. *Id.*

A mitigation hearing was held and the jury recommended a life sentence with parole eligibility after 30 years. *Id.* at ¶ 4. On December 5, 1994, the trial court sentenced Stepherson to an aggregate 43 years to life in prison. *Id.* The sentencing entry included the imposition of court costs. Since the time of his sentencing, Stepherson has doggedly sought review of his conviction and sentence based on a variety of technical and legal arguments; thus far we have found the arguments he has presented either meritless or untimely. *See generally Stepherson*, 2014-Ohio-5298, ¶ 7; *see also Stepherson*, 2018-Ohio-4292, ¶ 5 (dismissing Stepherson's appeal of the trial court's entry denying his motion for resentencing as being late).

*Stepherson*, 2019-Ohio-4024, at ¶ 3-4.

{¶ 4} Relevant to the instant appeal, appellant filed a motion for resentencing with the trial court on July 15, 2020. Appellant argued the trial court's failure to orally state the word "full" at the sentencing hearing requires the "sentence [to] be vacated and this matter remanded as a matter of law." (Appellant's Brief at 9.) The motion was opposed by appellee on July 20, 2020. On July 22, 2020, the trial court denied appellant's motion for resentencing as precluded by res judicata.

{¶ 5} Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Appellant assigns the following as trial court error:

> Where a trial court announces one sentence in open court and thereafter journalizes a substantially different sentence three fatal results occur:
>
> 1. defendant's right to notice and his right to due process are violated, *see State v. Goist*, 1998 Ohio App. LEXIS 6390; *State v. Kase*, 187 Ohio App. 3d 590, at: [\*P31]; *State v. Williams*, 6th Dist., 2013 Ohio 726; *State v. Elson*, 10th Dist., 2014 Ohio App. LEXIS 2437, at: HN21; and, *State v. Cornette*, 1990 Ohio App. LEXIS 276, at: HN3. *See also* U.S.C.A. Const. Amend. 14;
>
> 2. there is no final appealable order where such variance exists. *see*: *State v. Zelinko*, 2005 Ohio 5106, at \*6; and, *State v. Walker*, 200 Ohio App. LEXIS 1947, at: HN1; and,
>
> 3. the court has exceeded its jurisdiction thereby rendering the resultant and previously uncontemplated sentence a mere nullity. *see*: *State v. Williams*, 148 Ohio St. 3d 403.

(Sic passim.)

## III.  LEGAL ANALYSIS

### A.  Appellant's First Assignment of Error

{¶ 7}   For ease of discussion, we will address all of appellant's arguments together. In his sole assignment of error, appellant contends that the trial court erred by failing to orally state the word "full" at sentencing despite the judgment entry noting the trial court imposed a life sentence with parole eligibility after 30 full years. (Tr. at 198.) For the reasons that follow, we find appellant's arguments to be without merit.

{¶ 8}   In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, the Supreme Court of Ohio "reevaluate[d] the basic premise of [its] void-sentence jurisprudence" "with the traditional understanding of what constitutes a void judgment." *Harper* at ¶ 34, 4. The *Harper* court wrote "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42. A judgment is considered is voidable, not void, when the court has jurisdiction to act and may be successfully challenged on direct appeal. *Id.* at ¶ 26. A voidable claim is subject to res judicata if it is challenged after a direct appeal. Accordingly, when the trial court has jurisdiction to act, sentencing errors "render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *Id.* at ¶ 42.

{¶ 9}  " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " (Emphasis omitted.) *State v. Mobley*, 10th Dist. No. 20AP-350, 2021-Ohio-492*, ¶* 11, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. The doctrine of res judicata " 'promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard.' " *Harper*, 2020-Ohio-2913, at ¶ 37, quoting *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18.

{¶ 10}  Here, the trial court had subject-matter jurisdiction in the case and personal jurisdiction over appellant. As such, any alleged sentencing error renders the judgment voidable, not void, and could only be raised on direct appeal. *State v. Cockroft*, 10th Dist. No. 19AP-738, 2020-Ohio-4436, ¶ 10; *see also State v. Brooks*, 8th Dist. No. 108919, 2020-Ohio-3286, ¶ 9 (writing "[e]ven if the trial court's omission of the term 'full' from [appellant's] sentence was contrary to former R.C. 2929.03(C)(2), the sentencing error would render [the] sentence voidable, not void. Thus, [the] sentence could be challenged only on direct appeal."). Because appellant could have, but did not, raise the alleged sentencing error on direct appeal, the issue is now precluded by res judicata.

{¶ 11}  For the foregoing reasons, appellant's sole assignment of error is overruled.

## IV.  CONCLUSION

{¶ 12}  Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and KLATT, JJ., concur.

_____