[Cite as *State v. Kane*, 2017-Ohio-7838.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-781 |
| v. | : | (C.P.C. No. 14CR-6108) |
| Angela Kane, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 26, 2017

**On brief:** *Michael DeWine*, Attorney General, *Joseph A. Koltalk* and *Maritsa A. Flaherty*, for appellee.

**On brief:** *James L. Burdon*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Angela Kane, appeals from a judgment of the Franklin County Court of Common Pleas denying her petition for postconviction relief filed pursuant to R.C. 2353.21. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On November 18, 2014, plaintiff-appellee, State of Ohio, by and through the Office of the Ohio Attorney General, filed information charging appellant with falsification in a theft offense, in violation of R.C. 2921.13(A)(9), a felony of the fourth degree. Therein, appellee alleged the following:

> [Appellant], between March 31, 2010 and August 16, 2014, within Franklin County, Ohio, did knowingly make and cause to be made false and misleading representations to the Ohio

Department of Medicaid, for use in obtaining more than seven thousand five hundred dollars in reimbursement from the Ohio Medical Assistance Program, to wit: submitting invoices to the State of Ohio, Medicaid Program, for home health services that were not provided by [appellant], contrary to the rules and regulations of the Medicaid Program and the State of Ohio.

(Nov. 18, 2014 Information for Falsification at 1-2.)

{¶ 3} Appellant was a registered nurse at the time of the offense. The charge against appellant arises out of appellant's operation of a company known as Smart Choice Home Health which had a provider agreement with the Ohio Department of Developmental Disabilities. Through the company, appellant billed the Ohio Department of Medicaid ("ODM") for services provided by Lesles Rivera to Rivera's disabled son, Christopher.

{¶ 4} On November 18, 2014, appellant executed an "Entry of Guilty Plea" wherein appellant pleaded guilty to the charge in the information. On January 8, 2015, the trial court conducted a sentencing hearing. As a result of the hearing, the trial court issued a judgment entry stating that appellant pleaded guilty to falsification in a theft offense after being advised of her rights, pursuant to Crim.R. 11, and that the assistant attorney general and appellant's trial counsel jointly recommended "a sentence of community control and agreed to restitution." (Jan. 8, 2015 Jgmt. Entry at 1.) The trial court sentenced appellant to five years of community control under basic supervision and ordered appellant to pay restitution in the total amount of $150,000. Appellant did not file an appeal from the trial court's judgment.

{¶ 5} On August 5, 2016, appellant filed a "Petition to Vacate or Set Aside Sentence," pursuant to R.C. 2953.21, alleging ineffective assistance of trial counsel. Appellant requested an evidentiary hearing on the petition. Appellee filed a memorandum contra on August 15, 2016, wherein appellee argued the trial court did not have jurisdiction to entertain the petition because it was not timely filed.

{¶ 6} On September 28, 2016, the trial court issued a decision and entry denying appellant's petition. In denying the petition, the trial court determined that it lacked jurisdiction to consider appellant's petition for postconviction relief because it was filed

more than 365 days after the expiration of the time for filing an appeal from her conviction, and appellant had not demonstrated any of the exceptions set out in R.C. 2953.23(A) applied.  The trial court also concluded that res judicata barred appellant from raising the claim of ineffective assistance of counsel asserted in her petition and, alternatively, that her claim lacked merit.

{¶ 7}    Appellant timely appealed to this court from the decision of the trial court.[1]

## II.  ASSIGNMENT OF ERROR

{¶ 8}    Appellant assigns the following error:

> THE TRIAL COURT DENIED APPELLANT HER CONSTITUTIONAL RIGHTS TO DUE PROCESS BY FAILING TO GRANT A HEARING ON HER PETITION TO VACATE OR SET ASIDE SENTENCE, UNDER THE PROVISIONS OF R.C. 2953.21, WHEN APPELLANT PRESENTED UNCONTROVERTED SWORN EVIDENCE OF FACTS OUTSIDE THE RECORD THAT, IF BELIEVED, DENIED HER EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AMENDMENT TO THE CONSTITUTION O[F] THE UNITED STATES, INCLUDING INCORRECT OPINIONS OF LAW; A FAILURE TO INVESTIGATE; FAILURE TO SHARE DISCOVERY MATERIALS; AND A FAILURE TO INTERVIEW A WITNESS WHO DIRECTLY SUPPORTED APPELLANT'S INNOCENCE; AND APPELLANT WAS UNAVOIDABLY PREVENTED FROM DISCOVERY OF COUNSEL'S ERRORS WITHIN THE TIME PRESCRIBED BY R.C. 2953.21(A)(2).

## III.  STANDARD OF REVIEW

{¶ 9}    "The appropriate standard for reviewing a trial court's decision to dismiss a petition for postconviction relief, without an evidentiary hearing, involves a mixed question of law and fact." *State v. Lacking*, 10th Dist. No. 14AP-691, 2015-Ohio-1715, ¶ 8, citing *State v. Tucker*, 10 Dist. No. 12AP-158, 2012-Ohio-3477, ¶ 9.  This court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo.  *Lacking* at ¶ 9. Ordinarily, the question whether a court of common

---

[1] In an April 25, 2017 memorandum decision, this court denied appellant's motion for leave to file a delayed appeal and ordered that "this appeal shall proceed as an appeal as of right."  *State v. Kane*, 10th Dist. No. 16AP-781 (Apr. 25, 2017) (judgment entry).

pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo. *State v. Conway*, 10th Dist. No. 12AP-412, 2013-Ohio-3741, ¶ 9, quoting *Clifton Care Ctr. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 12AP-709, 2013-Ohio-2742, ¶ 9. Similarly, the question whether res judicata bars a petition for postconviction relief based on a claim of ineffective assistance of counsel is a question of law, which an appellate court reviews de novo. *State v. Johnson*, 5th Dist. No. 12 CA 19, 2013-Ohio-1398, ¶ 27; *State v. Lindsey*, 12th Dist. No. CA2002-02-002, 2003-Ohio-811, ¶ 21.

## IV. LEGAL ANALYSIS

{¶ 10} In appellant's sole assignment of error, appellant argues that the trial court erred when it dismissed her petition for postconviction relief without a hearing. We disagree.

{¶ 11} R.C. 2953.21(A)(2) sets forth the time limitations for a motion for postconviction relief, in relevant part, as follows:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.[2]

{¶ 12} The record establishes that appellant filed her petition more than 17 months after her appeal time had run, which is more than 5 months after the 365-day period for filing a timely petition for postconviction relief elapsed. Pursuant to R.C. 2953.23, a court of common pleas may entertain an untimely filed petition for postconviction relief only under the following circumstances:

---

[2] Pursuant to Sub.H.B. No. 663, the General Assembly amended R.C. 2953.21, effective March 23, 2015, extending the time for filing a postconviction relief petition from 180 days to 365 days. Because appellant filed her petition for postconviction relief after the effective date of the amendment, the 365-day time limit applies. *State v. Williamson*, 8th Dist. No. 104294, 2016-Ohio-7053, ¶ 18, citing *State v. Thomas*, 8th Dist. No. 103784, 2016-Ohio-3327, ¶ 8-11, citing *State v. Worthington*, 12th Dist. No. CA2014-12-022, 2015-Ohio-3173, ¶ 43, fn. 4. *See also State v. Stephens*, 9th Dist. No. 27957, 2016-Ohio-4942, ¶ 6; *State v. McManaway*, 4th Dist. No. 16CA8, 2016-Ohio-7470, ¶ 11.

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either *the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief*, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.[3]

(Emphasis added.)

{¶ 13} Appellant concedes that she filed her petition more than 365 days after her appeal time had run on her conviction. In an effort to satisfy R.C. 2953.23(A)(1), appellant filed her own affidavit and the affidavit of her husband, Lorenzo Kane, wherein it is averred that appellant "recently became concerned regarding the legality of [her] plea" after discovering that the billing practices she employed with regard to Rivera did not violate Medicaid guidelines and that she is likely innocent of falsification in a theft offense pursuant to R.C. 2921.13(A)(9). (Appellant's July 24, 2016 Aff. at 2.) More particularly, appellant's affidavits aver that Rivera was a licensed home health aide at the time she rendered services to Christopher and that ODM guidelines permit appellant to bill ODM for Rivera's services under such circumstances. Accordingly, appellant claims

---

[3] The exception under R.C. 2953.23(A)(2), pertaining to DNA testing, is not relevant in this case.

that her trial counsel provided ineffective assistance by falsely representing that appellee possessed overwhelming evidence of her guilt, failing to investigate her case, failing to interview Rivera, and failing to share the "investigative 'evidence' " provided to her trial counsel by appellee in discovery. (Appellant's Aff. at 1.)

{¶ 14} The state disputes appellant's claim of innocence arguing that the facts underlying appellant's guilty plea and conviction were sufficient to prove her guilt of falsification in a theft offense beyond a reasonable doubt. The state also argues that appellant did not satisfy her burden under R.C. 2953.23(A)(1)(a) because all "the facts" on which she relies in support of her claim of ineffective assistance were known to appellant at the time she pleaded guilty and that her affidavits in support of her petition for postconviction relief do not allege any new factual material not known to appellant at the time of her guilty plea. R.C. 2953.23(A)(1)(a). We agree with appellee's position.

{¶ 15} Even if we were to accept appellant's claim that her counsel erroneously advised her to plead guilty to an offense of which she was innocent, appellant was not unavoidably prevented from discovering the facts that were necessary to establish an ineffective assistance claim. "R.C. 2953.23(A) contemplates the * * * discovery of new historical facts of the case, not new legal theories." *State v. Melhado*, 10th Dist. No. 05AP-272, 2006-Ohio-641, ¶ 19, citing *State v. Hanks*, 10th Dist. No. 98AP-70 (June 25, 1998), citing *State v. Czaplicki*, 2d Dist. No. 16589 (May 29, 1998). " 'The purpose behind R.C. 2953.23 is to "permit trial courts to consider factual information that may come to light after a defendant's trial, not to permit defendants to advance new legal theories using the same underlying facts." ' " *State v. Herring*, 7th Dist. No. 06 JE 8, 2007-Ohio-3174, ¶ 26, quoting *State v. Williamitis*, 2d Dist. No. 21321, 2006-Ohio-2904, ¶ 18, quoting *State v. Hurst*, 5th Dist. No. 1999CA00171 (Jan. 10, 2000). Therefore, "[s]imply being unaware of the law * * * does not equate with being unavoidably prevented from discovering the facts upon which the petition is based." *State v. Sturbois*, 4th Dist. No. 99 CA 16 (Sept. 27, 1999). Ignorance of the law does not excuse an untimely filed postconviction relief petition. *State v. Halliwell*, 8th Dist. No. 75986 (July 29, 1999).

{¶ 16} Appellant's affidavits do not identify any new factual information that was not previously known to appellant at the time of her plea. For example, Lorenzo Kane's affidavit provides, in relevant part, as follows:

2. I am personally aware that [appellant] is a licensed Registered Nurse (RN) and during the times relevant herein was doing business as Smart Choice Home Health; and

3. [Appellant] contracted affiant Lesles Rivera, a licensed Home Health Aide (HHA), to provide authorized health services to her son Christopher; was paid for those services; and received timely and accurate IRS Forms 1099; and

4. Christopher was a Medicaid recipient and one of [appellant's] patients; and

5. [Appellant] retained the services of Attorney Neil W. Siegel to represent her following notice that she was being investigated; and

6. At virtually every consultation I was present and during the times of his representation he never provided her copies of the discovery materials received by Attorney Siegel;

7. The first [appellant] and I saw the discovery materials was in August, 2015, seven months after her plea; and

8. [Appellant] consistently told Attorney Siegel that she believed as a lawfully licensed RN she was permitted to bill Medicaid for her services as well as the professional services rendered by Ms. Rivera as an HHA; and

9. Attorney Siegel repeated that "the state had overwhelming evidence against [her]." And she should plead guilty to avoid jail; and

10. [Appellant] only agreed to plead guilty because Attorney Siegel told her she could not bill Medicaid for services rendered to Christopher through his mother; and

11. [Appellant] and I recently became concerned about the legality of her plea, for the reason stated herein, and immediately consulted an attorney to review the constitutionality of Attorney Siegel's representation.

(July 24, 2016 Aff.)[4]

---

[4] Appellant's affidavit contains essentially the same averments but in greater detail.

{¶ 17} Despite pleading guilty to falsification in a theft offense, appellant now believes that her conduct in billing ODM for Rivera's services did not violate ODM guidelines. Appellant's claims that her trial counsel was ignorant of the relevant Medicaid provisions, and, as a result, trial counsel provided ineffective assistance by encouraging her to plead guilty to the charge of which she was legally innocent. Thus, appellant's claim of ineffective assistance is predicated on trial counsel's failure to assert a legal defense to the charge of falsification in a theft offense based on the known historical facts of the case. Such a claim is incompatible with the purpose of R.C. 2953.23(A), which is to permit a trial court to consider factual information that may come to light after a defendant's trial but not to permit petitioners to advance new legal theories using the same underlying facts. Moreover, ignorance of the law does not excuse appellant's untimely filing of her petition for postconviction relief. For purposes of R.C. 2953.23(A)(1)(a), appellant's assertion that she "recently became concerned regarding the legality of [her] plea of guilty" is insufficient to satisfy appellant's burden of proving that she was unavoidably prevented from discovery of "the facts" on which she must rely to present the claim for relief. (Appellant's Aff. at 2.) *Hanks* ("[T]he basis for appellant's claim of insufficiency of the evidence and alleged entitlement to re-sentencing were not the type of facts of which R.C. 2953.23(A)(1)(a) refers."). *See also Melhado*; *Herring*; *Sturbois*; *Hurst*; *Czaplicki*; *Halliwell.*

{¶ 18} We find that the averments in appellant's affidavits conclusively establish that appellant was not unavoidably prevented from discovery of "the facts" on which she now relies to present her claim of ineffective assistance of trial counsel. Appellant admits that she was aware of the material facts underlying the charge of falsification in a theft offense at the time of her guilty plea. She acknowledges that, at the time of the offense, she was a registered nurse doing business as Smart Choice Home Health and that she billed Medicaid for the services Rivera provided to Christopher. Appellant averred that she told her trial counsel that Rivera "was a qualified Home Health Aide (HHA), authorized during all relevant time periods to provide HHA services to her son under Medicaid rules." (Appellant's Aff. at 1.) Appellant's affidavits also establish that appellant was aware, at the time she pleaded guilty, that Rivera could provide testimony to corroborate her claim of innocence. Our review of Rivera's affidavit reveals no factual

information that would not have been known to appellant at the time she pleaded guilty. Thus, appellant cannot now claim that she was unavoidably prevented from discovering the facts to support her claim that trial counsel provided ineffective assistance by failing to interview Rivera. For similar reasons, appellant has not identified any new factual information that her trial counsel should have discovered had he conducted a more thorough investigation of her case. Rather, appellant merely suggests that her trial counsel was mistaken as to the relevant laws and ODM regulations at the time he advised her to plead guilty. Thus, appellant has not demonstrated that she was unavoidably prevented from discovering "the facts" underlying her claim that trial counsel provided ineffective assistance by failing to conduct a more thorough investigation of her case.

{¶ 19} To the extent that appellant's affidavits suggest that facts contained in the discovery materials received by her trial counsel may support her claim for relief, appellant's affidavits and arguments submitted with her petition fail to describe the evidentiary materials produced in discovery, do not explain how those materials support her claim for relief, nor show that the materials contain "the facts" not known to appellant at the time she pleaded guilty. Appellant's affidavits also make no claim that trial counsel refused to provide appellant with the materials on request. Even if we assume that appellant's trial counsel withheld the discovery materials from appellant and that the discovery materials contained previously unknown facts that support her claim for relief, appellant admits that she "saw * * * the investigative 'evidence' * * * at the Board of Nursing hearing conducted on August 19, 2015, seven months after [her] conviction and sentence." (Appellant's Aff. at 1.) Thus, appellant's evidence submitted in support of her petition establishes that she discovered the additional facts contained in the discovery materials, if any, five months before her time for filing a petition for postconviction relief elapsed. Appellant's petition and supporting evidence provide no explanation for appellant's failure to timely file her petition for postconviction relief after having access to the investigative materials allegedly withheld from her by her trial counsel. *State v. Dixon*, 10th Dist. No. 10AP-75, 2010-Ohio-3894, ¶ 7 ("Appellant * * * cannot justify the untimely petition on grounds that he was 'unavoidably prevented from discovery' of evidence to support the claims [regarding] the sufficiency of his indictment, [as] the facts

giving rise to that challenge existed when the indictment was issued before the deadline for filing a petition for post-conviction relief.").

{¶ 20} Because appellant failed to show that she was unavoidably prevented from discovery of the facts on which she relies to present her claim of ineffective assistance of trial counsel, the trial court had no jurisdiction to consider her untimely petition for postconviction relief. *Melhado* at ¶ 24. Because the trial court lacked jurisdiction to consider appellant's petition, the trial court was not required to hold an evidentiary hearing. *Id.*, citing *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10, citing *State v. Burke*, 10th Dist. No. 02AP-677, 2002-Ohio-6840, ¶ 19.

{¶ 21} For the foregoing reasons, we hold that the trial court did not err when it denied appellant's petition for postconviction relief without a hearing. Appellant's sole assignment of error is overruled. Furthermore, because we have determined that the trial court did not have jurisdiction of appellant's untimely petition for postconviction relief, we need not address the trial court's alternative reasons for dismissing the petition.

## V. CONCLUSION

{¶ 22} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

_____