[Cite as *State v. Brime*, 2019-Ohio-4343.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                           :

      Plaintiff-Appellee,                          :

                              No. 19AP-446

v.                                                      :          (C.P.C. No. 17CR-1077)

Ozie M. Brime,                                          :          (REGULAR CALENDAR)

      Defendant-Appellant.                         :

---

D E C I S I O N

Rendered on October 24, 2019

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Ozie M. Brime*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Ozie M. Brime, appeals from a decision of the Franklin County Court of Common Pleas, issued on June 11, 2019, denying his postconviction relief petition without a hearing. Even ignoring potential procedural defects, because Brime did not show he provided the required notice to trigger the application of R.C. 2941.401, he did not and could not show that the proceedings in his case were conducted in violation of the 180-day deadline set forth in R.C. 2941.401. We overrule Brime's assignment of error and affirm the decision of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 22, 2017, Brime was indicted for one count of felonious assault and one count of having a weapon under disability, both with associated firearm specifications. (Feb. 22, 2017 Indictment.) The indictment also contained a repeat violent offender specification. *Id.* After initially pleading "not guilty" approximately one year

before he changed his plea on January 8, 2018, Brime pled guilty to one count of felonious assault with a three-year gun specification and the plaintiff-appellee, State of Ohio, dismissed the remaining count in the indictment. (Feb. 24, 2017 Plea Form; Jan 8, 2018 Plea Form.) The trial court sentenced Brime to serve a term of ten years in prison for the felonious assault and firearm specification but did not impose a repeat violent offender specification. (Feb. 8, 2018 Jgmt. Entry in passim.) Brime did not appeal.

{¶ 3} On April 11, 2018, Brime filed a postconviction petition alleging that the State had not tried him within the 180-day time limit provided by R.C. 2941.401. (Apr. 11, 2018 Postconviction Petition at ¶ 4.) The State responded in opposition arguing, among other things, that Brime had not met the requirements of the statute by presenting the notice required by statute to trigger the 180-day time limit. (Apr. 16, 2018 Answer to Petition at 5.)

{¶ 4} The trial court denied Brime's petition without a hearing. (June 11, 2019 Entry.) In relevant part, the trial court reasoned that Brime had not introduced any evidence providing the triggering notice required by the statute. *Id.* at 1-2. In addition, the trial court noted that postconviction petitions are collateral attacks designed to permit a convicted person to raise constitutional issues but that Brime had not attempted to do this. *Id.* at 2-3.

{¶ 5} Brime now appeals.

## II. ASSIGNMENT OF ERROR

{¶ 6} Brime raises a single assignment of error for review:

> The trial court abused its discretion in denying post-conviction relief.

## III. DISCUSSION

{¶ 7} The postconviction relief process is a collateral civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. *State v. Murphy*, 10th Dist. No. 00AP-233, 2000 WL 1877526, 2000 Ohio App. LEXIS 6129, *5 (Dec. 26, 2000); *see also, e.g.*, *State v. Carter*, 10th Dist. No. 13AP-4, 2013-Ohio-4058, ¶ 15. As potentially relevant to this case, Brime's petition for postconviction relief was required to establish "that there was such a denial or infringement of [his] rights as to render the judgment void

or voidable under the Ohio Constitution or the Constitution of the United States."  R.C. 2953.21(A)(1)(a).

{¶ 8}   A defendant is not automatically entitled to an evidentiary hearing on a postconviction relief petition.  *State v. Jackson*, 64 Ohio St.2d 107, 110 (1980).  R.C. 2953.21(D) provides that "[b]efore granting a hearing on a petition * * * the court shall determine whether there are substantive grounds for relief."  Thus, the petitioner bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error.  *State v. Ibrahim*, 10th Dist. No. 14AP-355, 2014-Ohio-5307, ¶ 9.  Because the burden is the petitioner's, a postconviction relief petition may be denied without an evidentiary hearing where the petition and supporting materials do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief.  *State v. Calhoun*, 86 Ohio St.3d 279, 282-83 (1999).

{¶ 9}   We review Brime's assignment of error using a mixed standard of review.  *State v. Barber*, 10th Dist. No. 16AP-172, 2017-Ohio-9257, ¶ 17, 20; *cf. State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.  We have recognized that, "in reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact."  (Internal quotations omitted.) *State v. Canada*, 10th Dist. No. 16AP-7, 2016-Ohio-5948, ¶ 17; *see also Calhoun* at 285 (noting five factors that should be considered before a trial court may exercise its discretion to decline to accept an affidavit as true); *accord State v. Taylor*, 10th Dist. No. 14AP-166, 2014-Ohio-3574, ¶ 23; *Ibrahim* at ¶ 24.  We therefore review the factual findings of the trial court for compliance with the *Calhoun* analysis and also for whether the trial court abused the "sound exercise of discretion" permitted by *Calhoun*.  *Calhoun* at 284; *State v. Campbell*, 10th Dist. No. 03AP-147, 2003-Ohio-6305, ¶ 14.  However, we review questions of law de novo.  *Barber* at ¶ 20; *Kane* at ¶ 9.

{¶ 10}  Brime did not in his petition allege a violation of any specific constitutional right.  Rather, he alleged that the trial court acted without jurisdiction because the State failed to comply with R.C. 2941.401.  (Apr. 11, 2018 Postconviction Petition at ¶ 3.)  R.C. 2941.401 provides:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, <u>he shall be brought to trial within one hundred eighty days *after* he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter</u>, except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance.
>
> * * *
>
> If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

(Emphasis added.) Even disregarding the potential procedural problems in raising an argument about compliance with R.C. 2941.401 by postconviction petition after it was not raised in a direct appeal, Brime failed to show that the proceedings in his case were conducted in violation of the 180-day deadline imposed by R.C. 2941.401 because he did not demonstrate that he provided the required notice to trigger the application of that deadline. That is, he did not demonstrate to the trial court that he caused the written notice required by R.C. 2941.401 to be delivered to the prosecuting attorney and the court.

{¶ 11} The Supreme Court of Ohio has "h[e]ld that R.C. 2941.401 places a duty on an incarcerated defendant to 'cause[] to be delivered to the prosecuting attorney and the appropriate court * * * written notice of the place of his imprisonment and a request for a final disposition to be made of the matter[]' and that the duty to bring such a defendant to trial within 180 days of the written notice and request arises only after receipt of that statutory notice." *State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, ¶ 26. As Brime never made any showing that he met the notice predicate to enforcing the 180-day deadline in R.C. 2941.401, the trial court did not err in dismissing his petition without a hearing.

{¶ 12} We overrule his sole assignment of error.

## IV.  CONCLUSION

{¶ 13}  Even disregarding the potential procedural problems in raising an argument about compliance with R.C. 2941.401 by postconviction petition after it was not raised in a direct appeal, because Brime did not show he provided the required notice to trigger the 180-day deadline for the prosecutor to prosecute and the trial court to adjudicate his case while he was imprisoned, Brime did not and could not show the proceedings in his case violated the 180-day deadline imposed by R.C. 2941.401.

*Judgment affirmed.*

BROWN and BEATTY BLUNT, JJ., concur.

————————