[Cite as *State v. Britford*, 2020-Ohio-4659.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 19AP-631 |
| v. | : | (C.P.C. No. 08CR-6158) |
| Quian R. Britford, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 29, 2020

**On brief:** *Quian R. Britford,* pro se.

**On brief:** *Ron O'Brien,* Prosecuting Attorney*,* and *Steven J. Taylor*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, Quian R. Britford, pro se, appeals from a decision of the Franklin County Court of Common Pleas entered on September 3, 2019, denying his August 23, 2019 motion to vacate his sentence and void his underlying conviction in Franklin C.P. No. 08CR-6158, from which a finding of a parole violation occurred for his having been found in possession of a weapon while on post-release control after release from his original ten-year prison term. For the reasons that follow, we affirm the trial court, albeit for different reasons in that the trial court did not have jurisdiction to hear it and thus could not deny it, but rather, should have dismissed it.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Because Britford has appealed to this Court on more than one occasion regarding the underlying matter, a recitation of the facts is helpful to place in context this current appeal.

{¶ 3}   In 2008, the Franklin County Grand Jury indicted Britford on three counts in Franklin C.P. No. 08CR-6158.  Count 1 was an attempted murder charge with a three-year firearm specification.  Count 2 was a felonious assault charge with a three-year firearm specification.  Count 3 was a charge that Britford had a weapon while under a disability ("WUD").  On October 5, 2009, Britford entered an *Alford*[1] plea of guilty to a lesser-included offense of Count 1, felonious assault with the firearm specification; by agreement, Counts 2 and 3 were dismissed in exchange for his guilty plea to Count 1.[2]  The trial court immediately thereafter held a sentencing hearing and imposed a seven-year sentence, plus a mandatory consecutive three years of actual incarceration for the firearm specification, for a total prison term of ten years.  The trial court notified Britford at the time of sentencing that he would have a period of post-release control of three years after he would be released from prison.  The trial court also notified Britford of additional sanctions that could be imposed on him if he violated post-release control sanctions.  The trial court entered its judgment of conviction and sentence into the court's record on October 6, 2009.

{¶ 4}   On November 9, 2009, Britford attempted a direct appeal of his conviction. On January 11, 2010, this Court dismissed that appeal as untimely.

{¶ 5}   As reflected in the record, Britford thereafter filed numerous motions in the court of common pleas seeking various forms of relief.  One of his post-judgment motions reached the appellate stage, where this Court affirmed the trial court's ruling based on res judicata.  *State v. Britford*, 10th Dist. No. 11AP-646, 2012-Ohio-1966.  In that appeal, the trial court had entered judgment on July 24, 2013 denying Britford's April 9, 2013 motion to vacate his sentence and void his conviction in case No. 08CR-6158. The trial court stated in pertinent part, "[t]he Tenth District has already affirmed this Court's previous denial of Mr. Britford's motions in case 08CR-6158. *State v. Britford*, 10th Dist. No. 11AP-646, 2012-Ohio-1966. Mr. Britford's motions are barred by res judicata. Accordingly, the Court cannot grant them." (July 24, 2013 Decision and Entry at 1.)

---

[1] *North Carolina. v. Alford*, 400 U.S. 25 (1970).
[2] Britford also entered *Alford* guilty pleas on two other cases on October 5, 2009. In Franklin C.P. No. 08CR-9003, he pleaded to drug possession and WUD. In Franklin C.P. No. 09CR-1195, he pleaded to drug possession and WUD.

{¶ 6}   Five years later, on July 24, 2018, this Court dismissed Britford's most recent appeals as untimely. *State v. Britford*, 10th Dist. No. 18AP-273 (July 24, 2018) (Journal Entry of Dismissal).

{¶ 7}   On March 8, 2019, Britford was subject to a warrantless arrest by a Columbus Police Department officer. The officer subsequently filed a complaint, No. EB108944, with the Franklin County Municipal Clerk of Court that contained the following information:

> Complainant, being duly sworn, states that the above named defendant, at Franklin County/Columbus, Ohio, on or about the 8th day of March, 2019 did knowingly carry a firearm, to wit: a Glock model 34 9mm pistol carried in his waistband, while not having been relieved from disability under operation of law or legal process and being convicted of a felony offense involving the illegal possession of any drug of abuse to wit: Possession of Drugs ORC 2925.11 on 10-6-2009 by the Franklin County Common Pleas Court, case 09CR1195, in violation of section 2923.13(A-3) O.R.C., a Felony of the 3rd degree.

(Aug. 23, 2019 Mot. to Vacate at 5.)  The complaint was assigned Franklin M.C. No. 2019-CRA-4441.  The municipal court case was dismissed by the State of Ohio on March 18, 2019, apparently for future direct indictment in Franklin C.P. No. 08CR-6158.

{¶ 8}   In April 2019, Britford was conveyed to the Ohio Department of Rehabilitation and Correction on an alleged parole violation in Franklin C.P. No. 08CR-6158, based on his arrest in Franklin M.C. No. 2019-CRA-4441.  Following a hearing on the alleged parole violation, Britford "was sanctioned to spend 200 days in the orbit of n D.R.C. for a violation in Case No. 80-CR-6158."  (Sic passim.) (Britford's Brief at 3.)

{¶ 9}   On August 23, 2019, Britford, pro se, filed a new motion seeking to have his post-release control sentence vacated and his conviction declared void in his original case, Franklin C.P. No. 08CR-6158, and in Franklin M.C. No. 2019-CRA-4441.  He asserted that the complaint in case No. 2019-CRA-4441 was not notarized as required by Crim.R. 3, resulting in an invalid complaint and depriving the trial court of subject-matter jurisdiction; thus, he argued, "the resulting conviction is a nullity." (Aug. 23, 2019 Mot. to Vacate at 2.)

{¶ 10}  Plaintiff-appellee, State of Ohio, filed a memorandum contra on August 28, 2019.  The State asserted that the copy of the municipal charging complaint Britford attached to his motion was sworn and, moreover, that although Britford had been subjected

to a warrantless arrest, Crim.R. 4(E)(2) required only that the complaint be filed subsequent to arrest. The State argued that Britford's motion was barred by res judicata. The State further argued that Britford's motion should be construed as a petition for postconviction relief, in which case it was untimely by over eight years, as it did not satisfy the exceptions under R.C. 2953.23(A) for accepting an untimely filing.

{¶ 11} By decision and entry filed September 3, 2019, the trial court denied Britford's motion.

{¶ 12} Britford appealed the trial court's September 3, 2019 decision on September 20, 2019.

## II. ASSIGNMENT OF ERROR

{¶ 13} Britford presents for our review a single assignment of error.

> The Trial [sic] Lacked Subject Matter Jurisdiction due to the Criminal Complaint in Case No. 2019-CRA-4441, was Void for failing to comply with the third requirement of Criminal R. 3, considering that the Complaint was not notarized.

## III.  LAW AND DISCUSSION

{¶ 14} Britford asserts that the trial court abused its discretion in denying his motion to vacate his sentence and to void his conviction because his motion cannot be barred by res judicata.

{¶ 15} The trial court found no merit in Britford's motion and argument that his conviction and sentence in Franklin C.P. No. 08CR-6158 should be vacated and nullified, and it denied his motion. As we see it, Britford's application challenging his 2009 conviction cannot be construed to be anything other than an untimely petition for postconviction relief, and the trial court should have dismissed it for lack of jurisdiction rather than assuming jurisdiction and denying it.

{¶ 16} This distinction is noteworthy because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case; being so important that it can never be waived. *State ex rel. Jones v. Suster,* 84 Ohio St.3d 70, 75 (1998). Because " ' "the question [of] whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely [or successive] petition for postconviction relief is a question of law," 'an appellate court applies a de novo standard of review to the trial court's determination." *State v. Conway*, 10th Dist. No. 17AP-90, 2019-Ohio-382, ¶ 8, quoting

*State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 24, quoting *State v. Kane*, 10th Dist. No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 17} Britford's motion, construed as a petition for postconviction relief, "cannot circumvent the requirements of R.C. 2953.21 and attempt to obtain relief through the 'back door' by styling his action as other than that which it is: a petition for postconviction relief." *Canter v. Voinovich*, 9th Dist. No. 97CA006665, 1997 WL 626607, 1997 Ohio App. LEXIS 4282 (Sept. 24, 1997), fn. 1. Postconviction relief petitions have well-delineated timeliness requirements. The limits on untimely postconviction claims are jurisdictional. *Apanovitch* at ¶ 36-38.

{¶ 18} Britford filed his appeal in this matter in November 2009, and the transcript was filed in this Court in December 2009. Therefore, Britford's time for seeking postconviction relief expired in mid-2010, making his 2019 motion/petition untimely—by more than eight years. Additionally, nothing in the record indicates that the 2019 motion/petition satisfies the exceptions of R.C. 2953.23(A) that might allow for untimely filing. *See Apanovitch* at ¶ 36 ("a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition").

{¶ 19} Because this Court may review the exercise of power by the trial court on a petition for postconviction relief and determine whether or not it properly exercised jurisdiction under *Conway,* we conclude that denying a petition for postconviction relief is the exercise of jurisdiction. *See also State v. Jones,* 10th Dist. No. 18AP-578, 2019-Ohio-1014, ¶ 17. Because Britford's application was an untimely filed petition for postconviction relief not meeting any of the statutory exceptions, the trial court should have dismissed it for lack of jurisdiction.

{¶ 20} This Court has held previously to *Jones* that trial courts should dismiss a petition for postconviction relief when jurisdiction is lacking rather than denying the petition on some other grounds. *See State v. Banks*, 10th Dist. No. 12AP-96, 2012-Ohio-3770, ¶ 11 ("the trial court did not err in denying appellant's petition, though technically the petition should have been dismissed for lack of jurisdiction"); *State v. Mangus*, 10th Dist. No. 06AP-1105, 2009-Ohio-6563, ¶ 13 (affirming denial of postconviction petition as untimely filed even though the trial court should have dismissed the petition for lack of

jurisdiction); *State v. Russell*, 10th Dist. No. 05AP-391, 2006-Ohio-383, ¶ 10 ("the trial court did not err in denying appellant's petition on the merits, though technically the petition should have been dismissed for lack of jurisdiction"); *State v. Elkins*, 10th Dist. No. 10AP-6, 2010-Ohio-4605, ¶ 17 (though the untimely postconviction petition should have been dismissed for lack of jurisdiction, the trial court did not err by denying the petition on the merits).

{¶ 21} For the foregoing reasons, we overrule Britford's sole assignment of error. The judgment of the Franklin County Court of Common Pleas is modified to reflect the dismissal of Britford's postconviction petition.

*Judgment modified;*
*postconviction petition dismissed.*

DORRIAN, J., concurs.
NELSON, J., concurs in judgment only.

_____