[Cite as *State v. Ward*, 2023-Ohio-1606.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-11-021 |
| | : | O P I N I O N |
| - vs - | | 5/15/2023 |
| | : | |
| CHRISTOPHER WARD, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 19CR12910


Martin P. Votel, Preble County Prosecuting Attorney, and Andrea K. Boyd, Assistant Prosecuting Attorney, for appellee.

Christopher Ward, pro se.


**M. POWELL, J.**

{¶ 1} Appellant, Christopher Ward, appeals a decision of the Preble County Court of Common Pleas dismissing his petition for postconviction relief. Finding no error, we affirm.

**Facts and Procedural History**

{¶ 2} In 2019, Ward, an Ohio State Highway Patrol trooper, was indicted on multiple counts of sexual battery and gross sexual imposition involving multiple victims. A bench trial was held in December 2019 at which several of the victims testified. One victim testified that Ward had stopped her for a traffic violation and then forced her to fellate him in her vehicle. Another victim was a 15-year-old female friend of Ward's daughter. She testified that, while spending the night with Ward's daughter at his house, Ward had touched her pubic area beneath her clothing when he thought she was asleep. Another victim testified that Ward had stopped the car in which she was a passenger for speeding and that, after ordering her out of the car, he had fondled her breasts and cupped the area between her legs during an ostensible pat down search. A fourth victim testified that Ward had repeatedly stopped her for various traffic offenses. On a written warning he had written his telephone number, and she had agreed to call him in the hope that he would quit pulling her over. The two went to dinner and then went back to Ward's home. There, Ward donned his trooper's uniform, pinned her arms down, put his hands down her pants, and rubbed her vaginal area beneath her clothes.

{¶ 3} The trial court found Ward guilty on one count of sexual battery and three counts of gross sexual imposition. On May 11, 2020, the court sentenced Ward to a total of three years in prison. Ward appealed his convictions to this court, and we affirmed. *State v. Ward*, 12th Dist. Preble No. CA2020-06-009, 2021-Ohio-4116.

{¶ 4} In July 2022, Ward filed a petition for postconviction relief. He challenged his conviction for sexual battery and one of his convictions for gross sexual imposition as the products of ineffective assistance of counsel. Regarding the sexual-battery conviction, Ward argued that counsel failed to file a motion to suppress the victim's identification of Ward as the assailant as unreliable because it was based on her viewing only a single photograph of Ward. Ward also argued that counsel was ineffective for failing to call as a

witness a relative of the gross-sexual-imposition victim who would have testified about the victim's mental health issues and previous accusations of sexual assault against others. On November 3, 2022, the trial court dismissed the petition as untimely.

{¶ 5} Ward appealed.

## II. Analysis

{¶ 6} Ward assigns two errors to the trial court.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN DENYING THE PETITION BECAUSE IT WAS PREMISED ON NEWLY DISCOVERED EVIDENCE, ACTUAL INNOCENCE, AND INEFFECTIVE ASSISTANCE OF COUNSEL WHICH THE ISSUE PRESENTED CLEAR ESTABLISHED LAW THAT WOULD ALLOW THE APPELLANT TO BYPASS ANY PROCEDURAL DEFAULT.

{¶ 9} R.C. 2953.21 permits a defendant to file a petition asking the trial court to vacate or set aside a judgment based on a denial or infringement of the defendant's rights that render the judgment void or voidable under the Ohio Constitution or the United States Constitution. The petition must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the conviction, except as otherwise provided in R.C. 2953.23. R.C. 2953.21(A)(2)(a).

{¶ 10} R.C. 2953.23(A) permits a prisoner to file an untimely petition for postconviction relief under specific, limited circumstances. The statute pertinently provides:

> (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * unless division (A)(1) or (2) of this section applies:
>
> (1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.

{¶ 11} "R.C. 2953.23(A) provides that 'a court *may not entertain* a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner *unless*' one of the exceptions in R.C. 2953.23(A) applies." (Emphasis sic.) *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36. Thus "a petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *Id.* "'[T]he question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo.'" *Id.* at ¶ 24, quoting *State v. Kane*, 10th Dist. Franklin No. 16AP-781, 2017-Ohio-7838, ¶ 9.

{¶ 12} Ward filed his petition for postconviction relief on the grounds of constitutionally ineffective assistance of counsel. The trial court dismissed the petition after concluding that it was untimely filed and that Ward had failed to establish an exception to the timeliness requirement.

{¶ 13} Ward concedes that when he filed his petition the statutory deadline had long since passed. But he argues that his untimeliness should be excused because his trial counsel failed to advise him of the possibility of postconviction relief. Even if this is true, it

is not one of the exceptions listed in R.C. 2953.23(A). The "failure of counsel (appointed for trial or direct appeal) to advise a defendant of postconviction procedures does not equate to being 'unavoidably prevented from discovering the facts upon which he must rely to present the claim for relief.'" *State v. Clay*, 7th Dist. Mahoning No. 17 MA 0113, 2018-Ohio-985, ¶ 12, citing R.C. 2953.23(a)(1)(a). That trial counsel failed to tell Ward about postconviction relief says only that he was unavoidably prevented from discovery of the *law*. But "[t]he statute speaks of being unavoidably prevented from discovery facts, not the law." *Id.*; *see also State v. Theisler*, 11th Dist. Trumbull No. 2009-T-0003, 2009-Ohio 6862, ¶ 19-20. "Simply being unaware of the law * * * does not equate with being unavoidably prevented from discovering the facts upon which the petition is based." *State v. Sturbois*, 4th Dist. No. 99CA16, 1999 WL 786318, *2, (Sept. 27, 1999). "Ignorance of the law as to the time for filing is no excuse." *State v. Halliwell*, 134 Ohio App.3d 730, 735 (8th Dist.1999) ("Merely because counsel failed to advise him of the deadline for filing a petition does not show he was 'unavoidably prevented' from discovering the deadline on his own or from other sources").

{¶ 14} R.C. 2953.23 does not recognize ineffective assistance of counsel in advising of the right to seek postconviction relief as an exception to the timely filing requirements of R.C. 2953.21. Ward's argument, in essence, asks us to create a new exception, which we decline to do. *See Clay* at ¶ 12 ("A petitioner's assertion that he was not informed of the procedural mechanism of postconviction relief is essentially an argument for the creation of an additional exception to the statutory deadlines").

{¶ 15} The same is true of Ward's argument that his ineffective-assistance claim entirely excuses the statutory timeliness requirement. In support of this argument, Ward relies on the decision of the federal Sixth Circuit Court of Appeals in *Gunner v. Welch*, 749 F.3d 511 (6th Cir.2014), to support his claim that his untimeliness should be excused.

*Gunner* held that ineffective assistance of counsel may excuse the failure to exhaust state postconviction remedies required before filing a federal habeas corpus petition. In other words, ineffective assistance of counsel is an exception to the federal habeas corpus requirement that state remedies must first be exhausted. But Ohio appellate courts have uniformly recognized that *Gunner* has little bearing on state postconviction relief petitions, as the decision "was a federal habeas decision, not a decision on a state postconviction petition," *Clay* at ¶ 13. *See also State v. Gutierrez*, 9th Dist. Wayne No. 21AP0033, 2022-Ohio-2252, ¶ 17 ("Like other state appellate courts that have considered *Gunner*, we conclude that its holding is inapplicable to the case before us"); *State v. Guy*, 6th Dist. Sandusky No. S-15-019, 2015-Ohio-619, ¶ 14 (stating that *Gunner* is not "relevant to our determination of whether an untimely postconviction petition should be accepted by Ohio courts where appellate counsel fails to inform the defendant of the 365-day time period"). *Gunner* is limited to federal habeas claims. Reading the decision as creating an exception to the time limit for filing postconviction petitions under R.C. 2953.21(A)(2) would conflict with Ohio law. *State v. Taylor*, 8th Dist. Cuyahoga No. 102020, 2015-Ohio-1314, ¶ 14-15. We agree.

{¶ 16} The record here plainly shows that Ward was not "unavoidably prevented" from discovering the facts underlying his claims for relief. All the facts that he sought to introduce in support of his petition were known at the time of his trial. As to the failure of his counsel to file a motion to suppress regarding the single photograph identification procedure used in this case, Ward knew (or should have known) this at the time of trial. Ward admits that his counsel was notified before trial began about the information from the gross-sexual-imposition victim's relative that he believes should have been presented at trial. That Ward was not personally aware of this information does not mean that he was not unavoidably prevented from discovering it.

- 6 -

{¶ 17} The trial court properly dismissed Ward's petition for lack of jurisdiction.

{¶ 18} The first assignment of error is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THIS COURT COMMITTED PREJUDICIAL ERROR TO THIS APPELLANT AND DEPRIVED THE APPELLANT OF PROCEDURAL DUE PROCESS UNDER FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN IT DENIED THE APPELLANT THE TRANSCRIPTS OF THE ORAL HEARING ON APPELLANT'S POSTCONVICTION, DEPRIVING THE APPELLANT THE OPPORTUNITY TO RAISE AS AN ASSIGNMENT OF ERROR ANY INCONSISTENCIES AT THE HEARING THAT RISES TO A CONSTITUTIONAL MAGNITUDE.

{¶ 21} Ward argues that this court denied him due process by not allowing him to supplement the appellate record with a transcript of the September 28, 2022 hearing on his petition.

{¶ 22} On December 2, 2022, Ward filed a praecipe for a transcript of the hearing. Three days later, the clerk issued the App.R. 11(B) notice that the record was complete. App.R. 9(B)(1) states that "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary [are included] in the record * * *." Ward took no further action to have the hearing transcript included in the appellate record of this case.

{¶ 23} Regardless, a transcript was unnecessary. No evidence was presented at the hearing, only the arguments of the parties. The trial court ultimately dismissed Ward's petition for lack of jurisdiction, and we have concluded that dismissal was proper. Having a transcript of the hearing would not change our decision.

{¶ 24} The second assignment of error is overruled.

### III. Conclusion

{¶ 25} We have overruled the two assignments of error presented. The trial court's

judgment is affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.