[Cite as *State v. Bell*, 2025-Ohio-1415.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2024-T-0090 |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| MICHAEL T. BELL, | |
| Defendant-Appellant. | Trial Court No. 2001 CR 00228 |

## OPINION AND JUDGMENT ENTRY

Decided: April 21, 2025
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders* and *Charles L. Morrow*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael T. Bell*, pro se, Reg. No. 53959-060, FCI Butner Medium II Federal Correctional Institution, P.O. Box 1500, Butner, NC 27509 (Appellant).

EUGENE A. LUCCI, J.

{¶1}     Appellant, Michael T. Bell, appeals the judgment denying Bell's "Motion to Vacate Judgment and Conviction." For the reasons that follow, we affirm.

{¶2}     In 2001, Bell was indicted on one count of second-degree felonious assault and one count of improperly handling a firearm, both with attendant firearm specifications. The felonious assault count alleged that, on February 24, 2001, Bell "did knowingly cause or attempt to cause physical harm to Roger Harris Jr., by means of a deadly weapon or dangerous ordnance, to-wit: a firearm."

{¶3} Bell initially entered a not-guilty plea. Thereafter, pursuant to a plea agreement, Bell entered a guilty plea to an amended indictment charging Bell with second-degree felonious assault together with a firearm specification. Pursuant to the "Finding on Guilty Plea to Amended Indictment," signed by Bell, the amended charge to which Bell pleaded guilty again alleged that Bell "did knowingly cause or attempt to cause physical harm to Roger Harris Jr., by means of a deadly weapon or dangerous ordnance, to wit: a firearm . . . ." The trial court accepted the guilty plea and sentenced Bell to four years of imprisonment on the felonious assault charge, consecutive to a one-year prison term on the attendant specification, with these sentences to be served concurrently with a federal prison sentence. The trial court memorialized Bell's sentence in a judgment entry dated March 24, 2003. Bell did not appeal his conviction.

{¶4} On June 25, 2024, over 21 years after his conviction, Bell filed a "Motion to Vacate Judgment and Conviction." Therein, Bell alleged newly discovered evidence in the form of an affidavit from an individual named Roderick Brantley, dated November 1, 2023. In the affidavit, Brantley states that he suffered a gunshot wound in February 2001, and he falsely informed investigating officers that Bell was the shooter.

{¶5} The trial court determined that the alleged newly discovered evidence was not material to Bell's conviction in this case, as Bell pleaded guilty to and was convicted of felonious assault against Roger Harris, Jr., not Roderick Brantley. Based upon this, the trial court denied Bell's motion in a judgment entry dated September 27, 2024.

{¶6} Bell timely noticed an appeal from the September 27, 2024 entry. Bell's appellant's brief fails to comply with the Appellate Rules of Procedure and this court's local rules in numerous respects. For this reason, the State moved to strike Bell's brief.

Case No. 2024-T-0090

This court overruled the State's motion. However, we note that Bell has failed to specifically identify an assigned error. In the interest of justice, we construe the first sentence of each of the numbered arguments identified in Bell's brief as his assigned errors.

{¶7}   In Bell's arguments, he alleges:

1.) The court of common pleas erred by denying the appellant the relief of a vacated conviction.

2.) The court contended that Roderick Brantley was not a victim because he was not mentioned in the indictment, this is untrue because he was part of the investigation and the court used a clerical tact as it pertains to the Appellants plea.

3.) It is true to say that Roderick Brantley is not mentioned in the guilty plea, but Roderick Brantley is very much involved and mentioned in the investigatories of the indictment.

(Sic. throughout.)

{¶8}   In response, in its answer brief, the State first maintains that Bell's motion was an untimely petition for postconviction relief, and the trial court lacked authority to grant the motion. Alternatively, the State argues that the trial court properly denied the motion on its merits.

{¶9}   We agree that Bell's motion constituted a petition for postconviction relief. In the body of his motion, Bell specifically sought to vacate his conviction due to newly discovered evidence pursuant to R.C. 2953.21, which governs petitions for postconviction relief. Relevant here, R.C. 2953.21(A)(1)(a) provides:

A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:

Case No. 2024-T-0090

(i) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . ."

{¶10} Where a petitioner has not directly appealed his conviction, a petition for relief under R.C. 2953.21(A)(1)(a)(i) must "be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal." R.C. 2953.21(A)(2)(a).

{¶11} R.C. 2953.23 provides the following limited exceptions to the 365-day deadline for filing the petition for postconviction relief:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under

Case No. 2024-T-0090

sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

{¶12} "[A] petitioner's failure to satisfy R.C. 2953.23(A) deprives a trial court of jurisdiction to adjudicate the merits of an untimely or successive postconviction petition." *State v. Apanovitch*, 2018-Ohio-4744, ¶ 36. "'[T]he question whether a court of common pleas possesses subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law, which appellate courts review de novo.'" *Id.* at ¶ 24, quoting *State v. Kane*, 2017-Ohio-7838, ¶ 9 (10th Dist.).

{¶13} Here, Bell filed his motion over 21 years after the expiration of time to directly appeal his conviction. Thus, his motion is untimely, and he has made no attempt to establish the applicability of an R.C. 2953.23 exception. Accordingly, because Bell's motion was untimely, and he failed to satisfy an exception contained in R.C. 2953.23, the trial court lacked jurisdiction to entertain the motion. Therefore, Bell's arguments lack merit.

{¶14} Further, we acknowledge that the State did not raise the issue of the untimeliness of Bell's petition in the trial court. However:

By providing that a court "may not entertain" an untimely or successive postconviction petition except in limited circumstances, R.C. 2953.23(A) plainly prohibits a court from hearing and deciding on the merits a petition that does not meet one of the exceptions . . ., and the State could not waive

[or forfeit] the issue. *See State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 11 ("Subject-matter jurisdiction cannot be waived and is properly raised by this court sua sponte").

*Apanovitch* at ¶ 38.

{¶15} Last, we address the appropriate disposition of this case, as the trial court reached the merits of Bell's motion without jurisdiction. Some districts have noted that "trial courts should dismiss a petition for postconviction relief when jurisdiction is lacking rather than denying the petition on some other grounds." (Citations omitted.) *State v. Britford*, 2020-Ohio-4659, ¶ 20 (10th Dist.); *see also State v. Ulmer*, 2016-Ohio-2873, ¶ 18 (4th Dist.) (where petition for postconviction relief was untimely filed, "trial court did not have jurisdiction to consider it and should have dismissed it based upon lack of jurisdiction"). These districts modify or vacate a trial court's judgment denying an untimely petition on the merits to reflect a dismissal of the petition for lack of jurisdiction. However, this court has affirmed a trial court's denial of a petition on the merits where the petition was untimely. *Compare State v. Taylor*, 2019-Ohio-842, ¶ 13 (11th Dist.) *with Britford* at ¶ 21 (modifying judgment); and *Ulmer* at ¶ 18 (vacating judgment). We adhere to this court's precedent in the present case. *See also State v. Gaines*, 2019-Ohio-2097, ¶ 17 (11th Dist.) (affirming trial court's denial of petition for postconviction relief on other grounds, where trial court lacked jurisdiction to consider successive petition).

{¶16} Accordingly, the judgment is affirmed.

MATT LYNCH, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2024-T-0090

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

---
JUDGE EUGENE A. LUCCI

---
JUDGE MATT LYNCH,
concurs

---
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.